452 So.2d 1266 (1984)
Booker T. LOTT
v.
Roosevelt LANDOR, et al.
No. 83 CA 0879.
Court of Appeal of Louisiana, First Circuit.
June 26, 1984.
Writ Denied October 12, 1984.
*1267 Bernard S. Smith, Covington, for plaintiff, appellant.
Christopher M. Moody, Hammond, for defendant, City of Covington, appellee.
Plauche F. Villere, Jr., New Orleans, for defendant, State of La., appellee.
Margaret Kern, Covington, for defendant, Roosevelt Landor, appellee.
Before PONDER, WATKINS and CARTER, JJ.
PONDER, Judge.
Plaintiff appealed the dismissal of his suit for damages against defendants, City of Covington (City) and the State of Louisiana (State), on exceptions of no cause of action. The sole issue is whether the allegations of negligence in the performance of their duties are sufficient to state a cause of action against either defendant.
We reverse in part and affirm in part, and remand.
Plaintiff originally filed suit for damages against his landlord, Roosevelt Landor, and Landor's insurer, alleging that he was injured in a fire in a residence owned by Landor, in which plaintiff was a tenant. Plaintiff alleged that he was injured because his only avenue of escape from the fire, a rear door, had been sealed.
In a supplemental and amending petition, plaintiff added as defendants the City and State, as well as an alleged co-owner of the residence. The City and State filed exceptions of no cause of action,[1] which were sustained by the trial court. The pertinent allegations in plaintiff's supplemental and amending petition are:
"14.
"Further, the defendants City of Covington and State of Louisiana are liable in solido with defendants Roosevelt Landor and Veronica Batiste for the injuries sustained by plaintiff for their fault and negligence.
"15.
"The City of Covington was at fault and negligent for the following reasons:
"a. in failing to inspect the building and thus allowing it to become a death trap *1268 and life-threatening hazard for plaintiff and persons so similarly situated;
"b. in failing to take any, or alternatively reasonable, efforts to insure plaintiff and other tenants of the building could lodge there in relative safety from fire and to insure all exits were open;
"c. in failing to investigate the cause of the fire and make a reasonable determination of its origin as required by law;
"d. in giving favored or preferential treatment to defendants Roosevelt Landor and Veronica Batiste in their running of various hotels, boarding houses, or apartments within the City such as the building here in question, the place known as Landor's Manor on 31st Street, and the place known as Landor's Apartments facing Taylor Street which permitted defendants Roosevelt Landor and Veronica Batiste to operate hotels, boarding houses, or apartments free of inspection for fire hazards, free of commercial billings for water, garbage, and sewage, and free of occupational licenses;
"f. in failing to make any efforts to even determine the entire operation of defendants Roosevelt Landor and Veronica Batiste with respect to their running of hotels, boarding houses, or apartments within the City and make them comply with all health and safety laws of the City and State;
"g. in failing to enforce the Fire Prevention Code or other codes as enacted by the City;
"h. in violating the Covington City Code in permitting or maintaining violations of the Covington Fire Prevention Code as adopted in February 1980, and in failing or refusing to comply with codal provisions mandating enforcement of the Covington Fire Prevention Code;
"i. in doing other acts of fault and negligence that will be brought out at the trial of this case.
"16.
"The Department of Public Safety was at fault and negligent for the following reasons:
"a. in failing to inspect the building and thus allowing it to become a death trap and life-threatening hazard for plaintiff and persons so similarly situated;
"b. in failing to take any, or alternatively reasonable, efforts to insure plaintiff and other tenants of the building could lodge there in relative safety from fire and to insure all exits were open;
"c. in failing to investigate the cause of the fire and make a reasonable determination of its origin as required by law;
"d. in failing to make any efforts to even determine the entire operation of defendants Roosevelt Landor and Veronica Batiste with respect to their running of hotels, boarding house, or apartments within the City and make them comply with all health and safety laws of the City and State;
"e. in failing to enforce the state laws and regulations dealing with fire prevention and protection;
"f. in failing to take all steps necessary and proper to protect the life of plaintiff from the hazards of fire and panic;
"g. in doing other acts of fault and negligence that will be brought out at the trial of this case."
The exception of no cause of action raises the question of whether the law affords any remedy to the plaintiff under the allegations of the petition. Johnson v. Edmonston, 383 So.2d 1277 (La.App. 1st Cir.1980). The validity of the exception must be decided solely upon the face of the plaintiff's petition and any attached documents, and all well-pleaded allegations of fact contained therein must be accepted as true. Mott v. River Parish Maintenance, Inc., 432 So.2d 827 (La.1983). The exception must be overturned unless the allegations affirmatively establish that under no facts admissible under the allegations of the petition does the plaintiff state a cause *1269 of action. Landry v. Landry, 339 So.2d 360 (La.App. 1st Cir.1976), writ denied, 341 So.2d 900 (La.1977).
Plaintiff in this case relies upon LSA-R.S. 40:1563(A) and (B),[2] which he argues imposed a statutory duty upon defendants to inspect the structure in which he resided for certain fire hazards and that their negligent failure to perform that duty created a cause of action in his favor to seek damages for the injuries he suffered as a consequence.
Defendant State argues that: (1) the City has assumed all responsibility under that statute, pursuant to LSA-R.S. 40:1563(C);[3] both the State and City argue that: (2) the statute does not impose anything more than a general duty to the public at large, breach of which cannot be used as a cause of action in damages by an individual, and (3) even if a specific duty to the plaintiff were found, the structure which burned was a single family, private dwelling, exempt from the scope of the statute.
Plaintiff does allege, in his supplemental and amending petition, that the City has enacted a Fire Prevention Code and that the City violated certain of its provisions. However, plaintiff made no allegation that the City has established a Fire Prevention Bureau in compliance with the terms of subsection (C) of § 1563. Absent an allegation to that effect, plaintiff has failed to state a cause of action against the City. However, the record reveals that the trial court dismissed plaintiff's suit on the exceptions without affording him an opportunity to amend his pleadings. Since the grounds of the City's objection of no cause of action may possibly be removed by amendment, we remand for the purpose of allowing plaintiff that opportunity.
However, whether the City has indeed relieved the State of its responsibility under the statute in question is a defense which the State cannot raise on an exception of no cause of action.
Both defendants argue that plaintiff has no cause of action because the duties which plaintiff alleges were breached (and which allegedly caused his injuries) are owed to the general public and not to the plaintiff as an individual. In support of this "public duty doctrine", defendants cite Dufrene v. Guarino, 343 So.2d 1097 (La.App. 4th Cir. 1977), writ denied 343 So.2d 1068 (La.1977), in which the court held that city and state governmental officials and agencies, charged with a duty of inspecting buildings for fire hazards, were not liable for damages incurred in a fire on premises where no inspection had been made, or where inspection had been improperly made, and fire hazards were allowed to exist. The court reasoned that the duty to inspect was imposed to protect the public generally, and that no duty was owed individually to any persons who may subsequently be injured as a result of the fire hazards.
Defendants claim that the continuing validity of the public duty doctrine was affirmed by the Louisiana Supreme Court in Stewart v. Schmieder, 386 So.2d 1351 (La. 1980). In that case, the high court cited Dufrene but noted that the public duty doctrine had come under considerable attack *1270 in recent years. The court seemed to question the continuing validity of the doctrine by listing several instances in which it had held governmental entities or public officials liable "for the breach of duties which, at first blush, appear to be owed to the public rather than any individual."[4]
Nevertheless, the court did not expressly repudiate the public duty doctrine, nor did it expressly overrule Dufrene. Instead, the court appeared to approve of an exception to the doctrine which has been applied in other jurisdictions,[5] and applied it to the facts of the case to hold the City-Parish Government of Baton Rouge liable for having breached its "special duty" to examine plans for a proposed construction project, and thereby causing deaths and injuries to workmen at the site.
The court found that statutory provisions imposed upon the defendant a special duty to ensure that construction, allowed pursuant to a building permit issued by the defendant, was carried out safely. Therefore, the court stated:
"... it is irrelevant whether the `public duty doctrine' would exculpate the building official from liability for breach of those broader duties which may more properly be considered to be owed to the public in general." (p. 1358)
In the instant case, R.S. 40:1563 invests the fire marshal with specific duties, including the supervision of "the construction and maintenance" of emergency fire exits and "the inspection of all structures, except the interior of private homes and movables, for the purpose of reducing or eliminating fire hazards." In light of the position taken by the court in Stewart v. Schmieder, we conclude that breach of the statutory duty imposed in this instance may be the basis of a cause of action in damages by the plaintiff.
Plaintiff alleged that the building in which he resided and was burned was being run as a "hotel, motel, boarding-house, or apartment house." These allegations must be accepted as true. Mott, supra. Accordingly, defendants' assertion that the building in question was a private, singlefamily dwelling exempt from statutory coverage cannot serve to defeat plaintiff's suit on an exception of no cause of action.
Accordingly, for the foregoing reasons, we affirm the trial court's judgment dismissing plaintiff's suit against the City, but reverse that portion of the judgment dismissing plaintiff's suit against the State *1271 and remand for further proceedings consistent with this opinion.
REVERSED IN PART, AFFIRMED IN PART, REMANDED AND RENDERED.
NOTES
[1] The other codefendants, Landor and Veronica Batiste, did not file exceptions. The State additionally filed a motion for summary judgment, which was argued and submitted to the trial court. No ruling on the motion is in the record.
[2] LSA-R.S. 40:1563, in pertinent part, provides:

"A. The fire marshal shall take all steps necessary and proper to protect life and property from the hazards of fire and panic which may arise from fire or from the threat of fire or explosion.
B. Specifically, the fire marshal shall supervise through his own office, except in those jurisdictions in which local governing authorities have established fire prevention bureaus, the following:
(1) The construction and maintenance of exits, including fire escapes, exit doors and emergency lighting.
. . . . .
(4) The inspection of all structures, except the interior or private homes and movables, for the purpose of reducing or eliminating fire hazards."
[3] Subsection (C) provides, in pertinent part:

"Within the jurisdiction of any local governing authority in which a fire prevention bureau has been properly established, ... the local governing authority through its fire prevention bureau shall be responsible for conducting fire inspections and investigations necessary to enforce the provisions of Paragraphs (1), (2), (3), and (4) of Subsection B of this Section, ..."
[4] The court noted: "For example, the maintenance of highways and streets by the state and local governments is an undertaking that benefits the general public and is not carried out for any particular individual. Nevertheless, we have not hesitated to find the state or local entities liable for failure to maintain the streets and highways in a reasonably safe condition. United States Fidelity & Guaranty Co. v. State of Louisiana, Through the Dept. of Highways, 339 So.2d 780 (La.1976); Pickens v. St. Tammany Parish Police Jury, 323 So.2d 430 (La.1975); Vervik v. State of Louisiana, Dept. of Highways, 302 So.2d 895 (La.1974). Similarly, the incarceration of criminals would appear to be a duty owed to the public in general, but when the custodian's negligence in allowing an escape causes injury to an individual, the custodian may be held liable. Frank v. Pitre, 353 So.2d 1293 (La.1978). Furthermore, in Eschete v. City of New Orleans, 258 La. 133, 245 So.2d 383 (1971), we held that a city might be held liable for the wrongful performance of a duty in many respects similar to that of the issuance of building permits. In that case we held that the plaintiff's allegation that the city had authorized the creation of new subdivisions, with the knowledge that such authorization would cause flooding, thereby increasing the plaintiff's peril of flooding, stated a cause of action.

Therefore, under the jurisprudence of this state, the mere fact that a duty is of a public nature, and benefits the general public, does not require a conclusion that the city cannot be found liable for the breach of that duty." (emphasis added)
[5] In the cases which have applied this `exception', liability has been founded upon the violation of a duty that would generally be considered owed to the public, when the statute or ordinance setting forth the duty indicates, by its language, that the duty is designed to protect a particular class of individuals, of which the plaintiff(s) are members. See the cases cited in Stewart v. Schmieder. An early Louisiana case, Serpas v. Margiotta, 59 So.2d 492 (Orleans App. 1952) implicitly applied the exception to render liable the City, whose dogcatcher refused to capture a rabid dog, for the death of plaintiff's child by rabies.