522 So.2d 1298 (1988)
SUNLAKE APARTMENT RESIDENTS
v.
TONTI DEVELOPMENT CORPORATION and U.S. Fidelity & Guaranty Co.
Daniel R. ROBERTS, Sr.
v.
U.S. FIDELITY & GUARANTY CO.
Robert T. TONTI, Margaret W. Tonti and Fidelity & Guaranty Insurance Underwriters, Inc.
v.
The FEDDERS CORPORATION, Glindmeyer Distributing Company, Inc. and Gerrard Raymond and/or Gerrard Raymond, Inc.
FIREMAN'S FUND INSURANCE COMPANY OF LOUISIANA
v.
TONTI DEVELOPMENT CORPORATION, Tonti Management Corporation, Robert Tonti, U.S. Fidelity & Guaranty Company and Fedders Corporation.
Nos. 87-C-747, 87-CA-748 to 87-CA-750.
Court of Appeal of Louisiana, Fifth Circuit.
March 14, 1988.
John A. Stewart, Jr., Hulse, Nelson & Wanek, New Orleans, for appellants Gerrard Raymond, Gerrard Raymond Architect, Inc. and Continental Cas. Co.
Roger G. Broussard, Baton Rouge, for appellee, Dept. of Public Safety and Corrections, Office of State Fire Marshal.
Michael J. Power, Ansardi, Maxwell, Power & Giacobbe, Kenner, for appellee, City of Kenner.
T. Peter Breslin, Gauthier, Murphy, Sherman, McCabe & Chehardy, Metairie, for plaintiffs/appellees, Sunlake Apartment Residents.
*1299 Before BOWES, GRISBAUM and GOTHARD, JJ.
BOWES, Judge.
Appellants in this action, Gerrard Raymond, Gerrard Raymond Architects, Inc. (hereinafter Raymond) and Continental Casualty Company, appeal the trial court's judgment which maintained exceptions of No Cause of Action submitted by the State of Louisiana, Department of Public Safety, through the State Fire Marshal Office (hereinafter the State) and the City of Kenner, Office of Regulatory Inspections (hereinafter City of Kenner).
On or about September 15, 1985, Building No. 836 of the Sunlake Apartment Complex, located in Kenner, caught fire and burned. Many residents' apartments and possessions located therein were totally destroyed. The residents filed suit against the owners and insurers of the apartment complex and several other parties not related to this appeal. Subsequently, in proceeding number 318-203 in the district court, the residents of the apartment complex sued the appellants[1] herein and, in that same action, the owners and insurers of the complex filed a third party demand against Gerrard Raymond and Gerrard Raymond Architect, Inc., who was the architect for the apartment complex. In proceeding number 333-690, appellants were sued by plaintiffs Robert T. Tonti, Margaret W. Tonti, and Fidelity and Guaranty Insurance Underwriters, Inc. The two proceedings, together with others, were consolidated in the trial court.
It is alleged in the original petition that Raymond, as architect for the apartment complex, improperly designed the building in that he failed to include fire and draft stops to retard the spread of fire should one occur within said premises, as required by applicable building codes.
Plaintiffs also allege that the lack of fire and draft stops contributed substantially to the spread of the fire and ultimate destruction of the building.
In both actions, appellants then filed third party demands against the City of Kenner and the State representing that these entities had a duty and responsibility to review and approve the plans submitted by Raymond for compliance with applicable building codes. In these demands, it is alleged that both governmental entities approved plans which did not meet the requirements of the applicable codes and failed to advise appellants of such failure to meet the code requirements. These third party demands sought indemnity or, alternatively, contribution.
The State filed exceptions of vagueness and no cause of action separately in both proceedings. The exceptions of vagueness were denied. The exceptions of no cause of action were, however, maintained, and the claims against the State were dismissed. The district court did not assign written reasons for judgment.
The City of Kenner filed an exception of no cause of action in the consolidated proceeding and a motion for summary judgment. The Motion for Summary Judgment was denied; however, the exception of no cause of action was sustained by the trial court. All claims of appellants against the City of Kenner were then dismissed. Again, the district court did not assign written reasons for judgment.
Gerrard Raymond, Gerrard Raymond Architect, Inc. and Continental Casualty Company appeal the granting of the exception of no cause of action for the State and City of Kenner.
Appellants present only one issue as to both the State and the City of Kenner on appeal:
Whether or not appellants have a cause of action against the State of Louisiana and the Department of Public Safety, State of Louisiana, and the City of Kenner for their failure to properly review the plans prepared by Raymond for compliance with applicable building codes, their approval of plans which did *1300 not comply with applicable building codes, and their failure to advise Raymond and others that the plans failed to meet applicable building code requirements.
The Louisiana Supreme Court defined the exception of no cause of action in Darville v. Texaco, Inc., 447 So.2d 473 (La. 1984); rehearing denied 448 So.2d 1302 (La. 1984), as follows:
The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well pleaded facts in the petition must be accepted as true. La.C.C.Pro. art. 927; Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984); Haskins v. Clary, 346 So.2d 193 (La.1977). The general rule applicable to a trial of such exception is that an exception of no cause of action must be overruled unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based; that is, unless the plaintiff has no cause of action under any evidence admissible under the pleadings. Haskins, supra at 195; West v. Ray, 210 La. 25, 26 So.2d 221 (1946)
In Owens v. Martin, 449 So.2d 448 (La. 1984), the Supreme Court has further instructed that "when a Court can reasonably do so, it should maintain the petition so as to afford a litigant an opportunity to present his evidence." We must, therefore, decide whether the law affords any relief to appellants under the circumstances alleged, under any theory of the case. Sanborn v. Oceanic Contractors, Inc., 448 So.2d 91 (La.1984); Robinson v. North American Royalties, Inc., 470 So.2d 112 (La.1985).
Appellants in their third party demand against the State and the City of Kenner represent in pertinent part that the State and the City of Kenner were negligent or otherwise at fault in the following respects:
a) Approving plans which did not meet the requirements of applicable building codes.
b) Failing to advise Gerrard Raymond and Gerrard Raymond Architect, Inc. and other parties herein of the failure of the plans to meet applicable building code requirements.
* * * * * *
d) In other respects to be shown at the trial of this matter.
Based on this third party demand, the State filed Exceptions of No Cause of Action and Vagueness. In the Memorandum in Support of the Exception of No Cause of Action, the State itself recognized the legal principle expressed in Owens, supra, and asserted:
Naturally, under the code of procedure, plaintiffs and third party plaintiffs are entitled to sufficient time to amend their pleadings to allege those facts but until that is done, no cause of action exists and the case should be dismissed with them being granted sufficient time to do so. [Emphasis supplied]
In any event, the allegations set forth in the third party petition are conclusary [sic] and do not state sufficient facts, such as what plans, when drawn, by whom drawn, and, more importantly, what specific perceived errors were allegedly committed by the State Fire Marshal, for the State to even reply intelligently.
Thus, considering the above and foregoing, the State of Louisiana's exception of no cause of action should be granted; alternatively, the State's exception of vagueness should be maintained requiring sufficient specific facts for intelligent response.
On this basis, the trial judge overruled the Exception of Vagueness and maintained the Exception of No Cause of Action, and dismissed the State from the lawsuit without providing an opportunity for the appellant to amend his pleadings.
The City of Kenner argued by memorandum to the trial court that the public duty doctrine (discussed infra) prohibits its liability in the instant case. On that basis, the *1301 trial court denied the Motion for Summary Judgment and sustained the Exception of No Cause of Action.
On appeal, the appellants, in brief, assert specific responsibilities which they claim were breached by the State and the City of Kenner.
The plans and specifications for the apartment complex in question were also submitted to the State Fire Marshal on December 12, 1978. On December 28, 1978, in a letter signed for the State Fire Marshal, Mr. Gerrard Raymond was advised that the construction documents he submitted met the approval of the office of Fire Protection.[2]
Appellants argue that LSA R.S. 40:1574 and 40:1574.1[3], in effect at the time the plans were submitted to the State (both have since been amended), held that approval by the State Fire Marshal of the plans constituted compliance with the applicable fire and safety codes.
Further, appellants argue that these laws established an affirmative duty on the part of the State Fire Marshal to review plans and specifications submitted to him to ensure that they complied with code requirements.
As to the City of Kenner, the appellants argue that upon its adopting the Building Code for the Parish of Jefferson, it now requires that the plans and specifications filed by an applicant for a building permit be checked by the Director. When the plans are found to be in conformity with the requirements of the Code and all other laws and ordinances applicable thereto, the Director will issue a permit for construction. Appellants further aver that the plans in question were submitted to the City of Kenner for review, were reviewed by the Director, and a permit was issued; and, finally, they state that the City of Kenner had an affirmative duty to review the plans for compliance with the Code, and failed to note any deviation of the plans from the building code requirements. Thus, the appellants contend the City failed in its duty to properly review the plans.
Both the State and the City of Kenner argue that the appellants have no cause of action because the duties which appellants allege were breached are owed to the general public and not to the plaintiff as an individual. In support of this argument, generally referred to as the "public duty doctrine", they cite Dufrene v. Guarino, 343 So.2d 1097 (La.App. 4 Cir.1977) writ denied 343 So.2d 1069 (La.1977), in which the court, quoting Fourth Edition of Cooley on Torts, Section 300 at page 385, stated:
The rule of official responsibility, then, appears to be this: That if the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public, not an individual injury, and must be *1302 redressed, if at all, in some form of public prosecution. On the other hand, if the duty is a duty to an individual, then a neglect to perform it, or to perform it properly, is an individual wrong, and may support an individual action for damages. `The failure of a public officer to perform a public duty can constitute an individual wrong only when some person can show that in the public duty was involved also a duty to himself as an individual, and that he has suffered a special and peculiar injury by reason of its nonperformance.'
On this basis, the court in that case held that the duty of governmental agencies to inspect a lounge for fire hazards was not a duty owed individually to all future patrons of the lounge, and that even if officers or agencies charged with the duty of building inspections failed to inspect the lounge or negligently inspected it, the City was not liable to a particular patron for his injuries.
Appellants argue that the public duty doctrine as explained in Dufrene v. Guarino, supra, is inapplicable in the instant case, but rather the Louisiana Supreme Court case of Stewart v. Schmieder, 386 So.2d 1351 (La.1980), is controlling. In Stewart, the Court held the head of the Construction Permit and Inspection Department of Baton Rouge, Louisiana had a specific duty under the Baton Rouge Building Code, before issuing a building permit, to examine plans to determine that they complied with the laws and ordinances in effect and that the proposed construction was safe. Appellants further argue that Stewart, supra, as a ruling from our Supreme Court, repudiates or at least severely limits the public duty doctrine as enunciated in Dufrene, supra.
Both the State and the City of Kenner argue that the public duty doctrine was not expressly repudiated or overruled in Stewart, as argued by the appellants. We agree that the Court in Stewart did not expressly overrule the public duty doctrine, but we are mindful of the following language which is found in Stewart:
"... the mere fact that a duty is of a public nature, and benefits the general public, does not require a conclusion that the City cannot be found liable for the breach of that duty."
Implicit in this language is the Court's approval of at least one exception to the public duty doctrine, that is, when a specific duty has been breached by a public official. Consequently, we are unable to hold emphatically that under no circumstances could either the State or the City of Kenner be held liable in the instant case. See also Lott v. Landor, 452 So.2d 1266 (La.App. 1 Cir.1984); writ denied 458 So.2d 119 (La. 1984); Mobley v. Rego Co., 412 So.2d 1143 (La.App. 2 Cir.1982) writ denied 414 So.2d 774 (La.1982).
We are unable to determine from the record before us what duty or duties the State and the City of Kenner allegedly had in reviewing construction plans brought before them. Both the State and the City of Kenner have certain minimum requirements which must be met prior to the issuance of a permit for new construction. We are of the opinion at this time that at least one purpose of this regulation is to ensure that structures are safe for those who may well be living in them or near them. Whether this is to be considered a specific duty in the instant case, and was owed to particular persons or to the public in general, is an issue to be determined at the trial level based on the particular facts of each case. As to whether appellants in this case can state facts that establish a specific duty on the part of the State and the City of Kenner remains to be seen and is not before us at this time. However, they are entitled, under our procedural law, to a reasonable opportunity to do so.
The State further argues that LSA 9:2798.1[4] enacted in 1985, by Act No. 453, *1303 clarifies the Legislature's position with regard to the Public Duty Doctrine and the liability of the State for its actions and inactions. The State asserts that no liability is to be imposed on the State of Louisiana or any of its branches and agencies based upon the exercise or performance or the failure to exercise or perform their policy-making or discretionary acts when such acts are within the course and scope of their lawful powers and duties. The State claims that the actions of a reviewing architect are a discretionary act within the course and scope of his lawful powers and duties, and, accordingly, under the facts as alleged in this case, the State is not liable to the appellants for any amount. And, finally, the State contends that the Constitution's waiver of immunity in Article XII, Section 10, expressly grants the Legislature authority to establish the procedure for filing suits against the State, as well as to provide the effect of any judgments, and it is a valid exercise of legislative power to reform or create substantive defenses to duties which are uniquely governmental activities.
Appellants in brief discuss the statutory amendments, which if they had been in effect when the plans were submitted to the State and the City of Kenner in 1978 or are to be held as having retroactive application, might absolve the government entities from liability in the instant case. Appellants assert that these laws do not apply to the instant case since they were enacted after December 1978 and do not have retroactive application. The three statutes in question are LSA R.S. 40:1574.1 (amended Acts 1984, No. 614, Sec. 1 eff. July 12, 1984), LSA R.S. 9:2798.1 (amended by Acts 1985, No. 453 Sec. 1) and LSA R.S. 33:4771 et seq.[5]
*1304 Since the statutes were amended or added after December, 1978, the date the plans were submitted for approval to the State and the City of Kenner, we must determine if any one of them has retroactive application and, if so, if it is applicable to the instant case.
In Peppard v. Hilton Hotels Corp., 482 So.2d 639 (La.App. 4 Cir.1986), the court provided a comprehensive discussion of when a law is to be held prospective or retrospective. The Court stated:
The general principle of non-retroactivity of laws is found in C.C.Art. 8 which provides:
A law can prescribe only for the future; it can have no retrospective operation, nor can it impair the obligation of contracts.
There are three exceptions to this general rule: laws that suppress or lessen penalties, laws that are interpretive of existing legislation and laws which the legislature has expressly or impliedly declared to be retroactive. Ardoin v. Hartford Accident and Indemnity Co., 360 So.2d 1331 (La.1978).
The interpretive law exception has been explained as follows:
The exception ... is justified on the ground that these laws do not establish new rules; they merely determine the meaning of existing laws and may thus be applied to facts occurring prior to their promulgation. In these circumstances, there is an apparent rather than real retroactivity, because it is the original rather that the interpretive law that establishes rights and duties.
A. Yiannopoulos, Civil Law System, 68 (1977).
We have reviewed the amended statutes and find that LSA R.S. 40:1574.1 does not fall into any one of the three exceptions to the general principle of non-retroactivity of laws as outlined above, and, therefore, this statute should be considered prospective in application only and consequently would not apply to the instant case.
However, it appears the Legislature clearly did intend for LSA R.S. 9:2798.1 to be applied retroactively. See Subsection D, which states in part: "The legislature finds and states that the purpose of this Section is not to reestablish any immunity based on the status of sovereignty but rather to clarify the substantive content...." (emphasis added).
See also Brown v. Red River Parish School Board, 488 So.2d 1132 (La.App. 2 Cir.1986). Although the statute has retroactive application, our reading of it leads to the conclusion that that statute only eliminates liability for policy-making or discretionary acts, thus only partial governmental immunity is conferred. Contrary to the State's contention, neither the State nor the City of Kenner had any discretion as to whether or not to review the plans; both entities were compelled by law to review the plans. Once reviewed, neither could make a policy decision to abrogate their duty or allow the plans to deviate from the applicable code. Therefore, R.S. 9:2798.1 is in applicable to the instant case because no discretionary or policy-making acts were involved.
Finally, we hold that LSA R.S. 33:4771 et seq. is also in applicable because its provisions do not fall into any one of the three exceptions as outlined in Peppard v. Hilton Hotels Corp., supra.
Consequently, we cannot hold that the State and the City of Kenner are absolutely without liability in the instant case. However, we agree with the learned trial judge and find that the appellants' original
*1305 Third Party Demands Against the State and the City of Kenner, as written, do not clearly state facts with enough particularity to establish such liability.
LSA C.C.P. Art. 891 requires fact pleading in Louisiana Courts. The petition must set forth material facts upon which a cause of action is based; the allegations must be facts; conclusions of law or fact and evidentiary facts will not be considered. Wheelahan v. State of Louisiana through the Louisiana State Claims Review Board, 376 So.2d 576 (La.App. 4 Cir.1979). This is so for the opposing litigant to be advised of the material facts which constitute the cause so that he may not be surprised or unprepared for trial. Charlida, Inc. v. Superior Oil Co., 469 So.2d 448 (La.App. 3 Cir.1985). We are of the opinion that the allegations made in appellant's pleadings do not contain sufficient facts to comply even with the broad parameters allowed by Darville, Haskins and Owens (all supra) and related cases discussed above. The appellants fail even to identify with any specificity which plans were allegedly reviewed or to indicate which building codes were applicable or what requirements of same were not complied with by the plans that were approved. We find that these allegations are only legal conclusions and lack the factual content to state a cause of action and put the defendants on notice as to what is being sought.
As we have observed, the record reveals that the trial court maintained the exception of no cause of action filed by the State and the City of Kenner and dismissed appellant's third party demands against both without affording them an opportunity to amend their pleadings.
LSA C.C.P. Art. 934 states:
Art. 934. Effect of sustaining peremptory exception
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.
We note that this right to amend the petition is not so absolute as to permit same when the amendment would constitute a vain and useless act. Ustica Enterprises, Inc. v. Costello, 434 So.2d 137 (La. App. 5 Cir.1983); affirmed on rehearing 454 So.2d 908 (La.App. 5 Cir.1984). However, based on the inapplicability of the current legislation and the exception to the public duty doctrine as stated in Stewart v. Schmieder, supra, which may apply in this case (both of which are discussed above), and our observation that the third party petitions of appellants contains inadequate factual allegations, we are of the opinion that the grounds of the exceptions of no cause of action filed herein might be removed by an amendment to these pleadings. Certainly, in the light of this opinion, appellants are entitled to a reasonable opportunity to try to do so.
Accordingly, for the foregoing reasons, we revise that part of the judgment of the trial court dismissing appellants' third party petitions and grant appellants a reasonable time in which to amend these pleadings, to be fixed by the trial court, and, as revised, we affirm the judgment maintaining the exceptions of no cause of action. The trial judge is ordered to grant such orders and decrees and hearings as are necessary to accomplish this revision. We further remand this case to the trial court for additional proceedings.
REVISED, AND AS REVISED, AFFIRMED AND REMANDED
NOTES
[1] Continental Casualty Company is the professional liability insurer of Gerrard Raymond and Gerrard Raymond Architect, Inc. Although Gerrard Raymond Architect, Inc. was sued, the corporation was previously dissolved.
[2] This letter listed three items that had to be corrected so that approval would be given. None of the three items are connected with issues involved in the instant litigation and need not be addressed by this court.
[3] Sec. 1574. Construction or repair of structures (prior to amendment)

No structure, watercraft, or movable shall be constructed until building plans and specifications therefor have been submitted to and approved by the fire marshal.
No repair, remodeling, or addition shall be made to any structure, watercraft, or movable, affecting the exits, stairs, seating arrangement, or fire protection, or other details of construction covered by this Part until plans and specifications therefor have been submitted to and approved by the fire marshal.
Sec. 1574.1. Cost of approving plans (prior to amendment)
There shall be a charge of two dollars per page for each page of plans submitted for approval to the fire marshal pursuant to R.S. 40:1574; in any case, however, there shall be a minimum charge of ten dollars. These costs shall be paid by the owner of such project submitting such plans for approval. The fire marshal shall furnish to the person or persons submitting the plans a letter which shall certify the provisions of the plans which meet the requirements of the fire marshal and listing also the particular requirements of the fire marshal which must be met to receive a complete certification of compliance. Approval of the plans submitted constitute compliance with the applicable fire and safety code, if construction begins within one hundred eighty days of said approval. State and local political subdivisions shall have their construction projects exempt from the two dollars per page payment. [Emphasis supplied]
[4] Sec. 2798.1. Policy-making or discretionary acts or omissions of public entities or their officers or employees

A. As used in this Section, "public entity" means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials and employees of such political subdivisions.
B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policy-making or discretionary acts when such acts are within the course and scope of their lawful powers and duties.
C. The provisions of Subsection of this Section are not applicable.
(1) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policy-making or discretionary power exists; or
(2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.
D. The legislature finds and states that the purpose of this Section is not to reestablish any immunity based on the status of sovereignty but rather to clarify the substantive content and parameters of application of such legislatively created codal articles and laws and also to assist in the implementation of Article II of the Constitution of Louisiana.
[5] LSA R.S. 40:1574.1 currently states in pertinent part:

(4)(a) The state fire marshal shall furnish to the parties submitting the plans which appear to him to satisfactorily comply with the laws, rules, regulations, and codes of the state and the regulations of the state fire marshal the original set of plans, blueprints, or both stamped reviewed along with a letter which shall state that the plans appear to him to satisfactorily comply with the laws, rules, regulations, and codes of the state and the regulations of the fire marshal.
(b) This letter from the fire marshal stating that the plans and specifications for the construction, renovation, or remodeling for the project in question appear to satisfactorily comply with the laws, rules, regulations, and codes of the state, in no way permits and authorizes any omission or deviation from those laws, rules, regulations, and codes so that in no way does this review procedure permit, authorize, or otherwise increase or incur any liability by the state for failure to recognize and point out any such omission or deviation in those requirements.
LSA R.S. 9:2798.1 states in part:
D. The legislature finds and states that the purpose of this Section is not to reestablish any immunity based on the status of sovereignty but rather to clarify the substantive content and parameters of application of such legislatively created codal articles and laws and also to assist in the implementation of Article II of the Constitution of Louisiana.
LSA R.S. 33:4771 et seq. states in pertinent part:
§ 4772. Legislative purpose; governmental duty
The legislature hereby finds and declares that:
(1) The policy, purpose, and intent for the promulgation and adoption of a building code by a political subdivision is to promote the safety, health, morals, and general welfare of the community.
(2) The policy, purpose, and intent of the enforcement of a building code by an enforcement agency is the reasonable protection of the safety, health, morals, and general welfare of the public.
(3) Nothing contained in this Subpart or in any building code shall be construed as establishing or imposing upon a political subdivision a duty, special or otherwise, to or for the benefit of any individual person or group of persons.
Sec. 4774. Civil action
§ 4774. Civil action
Nothing contained in any building code shall relieve, lessen, or otherwise diminish the responsibility, liability, or duty of any person engaged in the construction of any building, structure, or improvement to immovable property for damage to property or injury to another caused by or resulting from any defects of any nature in any work performed or acts done by said person.