GRISBAUM, Judge.
This appeal concerns the granting of a motion for summary judgment. We .set aside and remand.
ISSUE
We are called upon to determine whether there exist issues of fact which would give rise to a cause of action under the “public duty doctrine.”
FACTS
This matter commenced as a claim in redhibition by the plaintiffs against their ancestors in title seeking to rescind the sale of their home because of cracking in the walls and the foundation. After hiring an expert engineer who concluded that the problem was caused by both the use of undersized and insufficient pilings in constructing the home, the plaintiffs amended their petition to name the City of Kenner (the City) and its employee, Royce Waters, as additional defendants. The plaintiffs claimed that Mr. Waters, in his capacity as city engineer and building inspector, was charged with the responsibility of examining all construction plans to insure their conformity to the City’s building code and that the City, through Mr. Waters, had approved the plans of their home, although they violated the building code. Consequently, his negligence resulted in the home having an inadequate foundation causing the defects and resulting damage.
Prior to trial, the claim against the vendors was settled. Thereafter, the City and Mr. Waters filed a motion for summary judgment, arguing that the “public duty doctrine” precludes liability of a municipality under these circumstances. The trial court agreed and granted summary judgment.
ANALYSIS
Summary judgment is provided for by La. C.C.P. art. 966, which states:
A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff’s motion may be made at any time after the answer has *802 been filed. The defendant’s motion maybe made at any time.
B. The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C. A summary judgment may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
Jurisprudence clearly states that summary judgment should be granted only when reasonable minds must conclude that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. Chaisson v. Domingue, 872 So.2d 1225, 1227 (La.1979). Any doubt as to the absence of any genuine issue of material fact must be resolved against granting the motion and in favor of trial on the merits. Odom v. Hooper, 273 So.2d 510, 515 (La.1973); Toups v. Hawkins, 518 So.2d 1077, 1080 (La.App. 5th Cir.1987). As should be obvious from the rationale of summary judgment principles, any decision as to the propriety of a grant of the motion must be made with reference to the substantive law applicable to the case. Only in the context of the applicable substantive law can issues of material fact be ascertained.
In reaching this decision, we note that the Louisiana Supreme Court in Stewart v. Schmieder, 386 So.2d 1351, 1357 (La.1980) (citing the" almost universally accepted authority on the “public duty doctrine,” Cooley on Torts, 4th Ed., § 300 at p. 385), states:
“The rule of official responsibility, then, appears to be this: That if the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public, not an individual injury, and must be redressed, if at all, in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it, or to perform it properly, is an individual wrong, and may support an individual action for damages. ‘The failure of a public officer to perform a public duty can constitute an individual wrong only when some person can show that in the public duty was involved also a duty to himself as an individual, and that he has suffered a special and peculiar injury by reason of its nonperformance.’ ”
Of more recent vintage, this Court, in commenting on the Stewart court rationale, stated:
the Court in Stewart did not expressly overrule the public duty doctrine, but we are mindful of the following language which is found in Stewart:
. the mere fact that a duty is of a public nature, and benefits the general public, does not require a conclusion that the City cannot be found liable for the breach of that duty.”
Implicit in this language is the Court’s approval of at least one exception to the public duty doctrine, that is, when a specific duty has been breached by a public official. Consequently, we are unable to hold emphatically that under no circumstances could either the State or the City of Kenner be held liable....
Sunlake Apartment Residents v. Tonti Developmental Corp., 522 So.2d 1298, 1302 (La.App. 5th Cir.1988). Additionally, this Court in Sunlake clearly stated that the issue of whether a specific duty was owed to particular individuals or to the public “is an issue to be determined at the trial level based on the particular facts of each case.” Id. at 1302.
Accordingly, we find there exist issues of material fact, since the plaintiffs claim that the City’s building code imposed a special duty on Mr. Waters and that this duty was owed individually. Ergo, as reasonable men we cannot say the defendants have demonstrated they were entitled to judg *803 ment as a matter of law nor can we say there exist no issues of material fact.
For the reasons assigned, the judgment of the trial court is set aside, and the matter is remanded for further proceedings consistent with the views expressed herein. All costs of this appeal are to be assessed against the appellees.
SET ASIDE AND REMANDED.