SUSAN M. CHEHARDY, Chief Judge.
|20n appeal, the plaintiffs seek review of the trial court’s ruling maintaining defendants’ exception of no cause of action. For the following reasons, we affirm.- ■

Facts and Procedural History

On September 26, 2012, a fatal fire occurred at the Willow Creek Apartments[1] in Grand Isle, Louisiana. As a result of that fire, two occupants of the apartments, Belle Christin Brandi and Timothy Joseph Foret, were killed.
On July 15, 2013, Ms. Brandi’s ■ children — Claire Cochran, Lara Kaplan, and Jarrett Kaplan — filed a petition seeking damages for her wrongful death against the apartments’ owners, Steven' Caruso and Willow Creek, L-L.C., and their insurers, as well as the State of Louisiana through the Department of Public Safety and Corrections, Office of the State Fire Marshal (hereinafter “SFM”) and, its employee, Nunzio Marchiafava (hereinafter “the inspector”).[2] In their petition, Ms. Brandi’s children alleged that, in March or April of 2012, the inspector failed to properly investigate reports of a fire hazard at the apartments that resulted in the 1 ¡.fatal fire of September 26,2012; failed to advise the building’s owners of a fire hazard; failed to bring the required action against the building’s owners to resolve the fire hazard; and falsified reports regarding his investigation of the building. The petition alleged that, as a result of the inspector’s negligence and SFM’s negligence in supervising the inspector, the fire occurred and caused Ms. Brandi’s wrongful death and the children’s damages.
On September 9, 2014, SFM and the inspector answered the petition denying the allegations on the basis that the inspector did investigate an unverified public complaint at the building on April 2, 2012, which did not require a second site visit, as the inspection revealed “no serious life hazards.” According to SFM, the residents of the building did not register complaints of a fire hazard at the building.
Subsequently, SFM and the inspector filed an' exception of no cause of action on the basis that the petition failed to allege a duty owed and/or breached by the inspector and the SFM to these particular plaintiffs, relying specifically on Dufrene v. Guarino, 343 So.2d 1097 (La.App. 4th Cir.1977), writ denied, 343 So.2d 1068. On February 25, 2015, the trial judge heard and granted the exception. On March 11, 2015, the trial judge signed the written judgment granting the exception and allowing the plaintiffs 30 days to amend their petition as required by La. C.C.P. art. 934. On motion of SFM and the inspector, the matter was dismissed on April 23, 2015. This appeal by. Ms. Brandi’s children follows.

Law and Argument

In Ramey v. DeCaire, 03-1299, pp. 7-8 (La.3/19/04), 869 So.2d 114, 118-19, our *1175 supreme court discussed the peremptory exception of no cause of action and the scope of appellate review thereof' &s follows:
A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiffs right to judicially assert the action against the defendant. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1238 (La.1993). The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law áffords a remedy on the facts alleged in the pleading. Id. at 1235. No evidence may be introduced to support or controvert an exception of . no cause of action. La. C.C.P. art. 931. Consequently, the court reviews the petition and accepts well-pleaded allegations of fact , as true. Jackson v. State ex rel. Dept. of Corrections, 00-2882, p. 3 (La.5/15/01), 785 So.2d 803, 806; Everything on Wheels Subaru, 616 So.2d at 1235. The issue at. the.trial of the exception is whether, on the face of 'the petition, the plaintiff is legally entitled to the relief sought. Montalvo v. Sondes, 93-2813, p. 6 (La.5/23/94),637 So.2d 127, 131.
Louisiana has chosen a system of fact pleading. La. C.C.P. art. 854 cmt. (a); Montalvo at p. 6, 637 So.2d at 131. Therefore, it is not necessary for a plaintiff to plead the theory of his case in the petition. Kizer v. Lilly, 471 So.2d 716, 719 (La.1985). However, the mere con-elusions of the plaintiff unsupported by facts does not set forth a cause of action. Montalvo at p. 6, 637 So.2d at 131.
The burden of demonstrating that the petition states no cause of action is upon the mover. City of New Orleans v. Board of Com’rs of Orleans Levee Dist., 93-0690, p. 28 (La.7/5/94), 640 So.2d 237, 253. In reviewing the judgment of the district court relating to an exception of no cause of action, appellate courts should conduct a de novo review because the exception raises a question of law and the lower court’s decision is based solely on the sufficiency of the petition. Fink v. Bryant, 01-0987, p. 4 (La.11/28/01), 801 So.2d 346, 349; City of New Orleans at p. 28, 640 So.2d at 253. The pertinent question is whether, in the light most favorable to plaintiff arid with every doubt resolved in plaintiffs behaif, the petition states any valid cause of action for relief. City of New Orleans at p. 29, 640 So.2d at 253.
Ramey, 869 So.2d at 118-120.
The crux of Ms. Brandi’s children’s claims against the SFM and the inspector is that the- inspector failed to inspect a building that later caught fire and caused the deaths of two people.. Accepting the allegations in Ms. Brandi’s children’s petition as being true, we agree with the trial court’s finding that the petition does not contain sufficient facts to state a cause of action in negligence.
|BIn 1985, the Louisiana Legislature adopted La. R.S. 9:2798.1,[3] which exempts public entities from liability for their em *1176 ployees’ discretionary or policymaking acts. Hardy v. Bowie, 98-2821 (La.9/08/99), 744 So.2d 606, 613; Sunlake Apartment Residents v. Tonti Development Corp., 522 So.2d 1298, 1304 (La.App. 5th Cir.1988). “Under [the discretionary function] doctrine, governmental decision-makers exercising discretionary functions are immune from suit, because the courts should not chill legislative discretion in policy formation by imposing tort liability for discretionary decision.” Hardy, supra.
Where, as here, the defendants are public agencies, that governmental entity is exempt from liability for the negligence of its officers or employees, if it is a duty owed to the general public as opposed to a duty owed to an individual plaintiff. Dufrene v. Guarino, supra. See, also, Stewart v. Schmieder, 386 So.2d 1351 (La.1980); Sunlake, supra.
In this case, we find that SFM through its employee, the inspector, was performing a discretionary act as contemplated by La. R.S. 9:2798.1, which is a duty owed to the general public. La. R.S. 40:1563(C) states, “The fire marshal shalbnot conduct or supervise inspections in all remaining matters where a fire | ^prevention bureau is properly certified unless specifically requested by the fire prevention bureau or the local governing body of that jurisdiction or upon complaint of any citizen. The fire marshal may, at his discretion, report any complaint received from a citizen to the appropriate fire prevention bureau and the fire marshal may conduct a joint inspection with the fire prevention bureau.” (Emphasis added).
Here, -the record reflects that the inspector, in his discretion, contacted the Grand Isle Fire Chief, who is head of the local governing authority’s certified, fire prevention bureau to conduct a fire, inspection of the building in question. By law, the SFM and the inspector were only allowed, in this case, to perform an inspection after a complaint, by .a citizen-and then, at his discretion, only a joint inspection. This is, by definition, a discretionary function. ,
Although Ms. Brandi’s children allege on appeal- that the trial court erred in failing to find that the “acts and omissions by [the inspector], in'fraudulently and'criminally preparing reports for which he never did investigation” constituted “criminal, fraudulent, malicious-, intentional, willful, outrageous, -reckless, or flagrant misconduct,” we disagree that, in this case,- a subsequent act is an exception to discretionary immunity under' La. R.S. 9:2798.1(C)(2).
First, the record reveals that the inspector did inspect the Willow Creek premises in April. Further the record reveals that, after the fire in September, the inspector *1177 prepared a false log entry that reflected that he made a second trip to the premises. Although the report was falsified, the misconduct occurred subsequent to the fire, and,- more importantly, the preparation of a fraudulent report was not a contributing cause of the fatal fire. We find that this conduct is not sufficient to trigger the exception to. discretionary immunity. Accordingly, the trial court’s 17decision maintaining SFM’s and the inspector’s exceptions of no caüse of action is affirmed.

AFFIRMED.

. The Willow Creek Apartments are also known as, and.referred to in this record as, the Rusty Pelican Motel. For brevity and clarity, the apartments will be referred to in this opinion as the Willow Creek Apartments.

. Mr. Foret’s survivors similarly filed two petitions in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, docketed as Foret et al v. Caruso, et al, 731-214 and Hanson et al v. Caruso et al, 731-414, which were consolidated with this matter for trial in the district court. The matters were not consolidated for appeal. See Hanson, et al v. Caruso, et al, 15-449 (La.App. 5 Cir. 12/23/15), 182 So.3d 1187 for this Court's opinion in that matter.

. La. R.S. 9:2798.1 reads:
A. As used in this Section, “public entity” means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees, and political subdivisions and the, departments, offices, agencies, boards, commissions, instrumen-talities, officers, officials, and employees of such political subdivisions.
B. Liability shall not be imposed on public entities or their officers or employees based *1176 upon the exercise or performance or the failure to exercise or perform their policy-making or discretionary acts when such acts aré within the course and scope of their lawful powers and duties.
C, The provisions of Subsection B of this Section are not applicable:
(1) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the ... discretionary power exists; or
(2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.
D. The legislature finds and states that the purpose of this Section is not to reestablish any immunity based on the status of sovereignty but rather to clarify the substantive content and parameters of application of such legislatively.created codal articles and laws and also to assist in the implementation of Article II of the Constitution of Louisiana,