ROBERT M. MURPHY, Judge.
| gPlaintiffs-appellants, Tammy Foret and Linda Lou Schysm (collectively, “Plaintiffs”), seek review of the trial court’s June 25, 2015 ruling maintaining the exception of no cause of action filed by defendants-appellees, the State of Louisiana, Departs ment of Public Safety, through the State Fire Marshall, and Nunzio Marchiafava *645 (collectively, “Defendants”), and dismissing Plaintiffs’ claims against Defendants with prejudice. For the following reasons, we affirm.
FACTS AND PROCEDURAL BACKGROUND
On September 26, 2012, a fatal fire occurred at the Willow Creek -Apartments[1] in Grand Isle,' Louisiana. As a result of that fire, two occupants of the apartments, Belle Christin Brandi and Timothy Joseph Foret, were killed.
On September 20, 2013, Mr. Foret’s sister, Tammy Foret, filed a petition seeking damages for his wrongful death against the apartments’ owners, Steven l.qCaruso and Willow Creek, L.L.C., and their insurers,[2] as well as the State of Louisiana through the Department of Public Safety and Corrections, Office of the State Fire Marshal (hereinaftér “the SFM”) and, its employee, Nunzio Marchiafava (hereinafter “the inspector”). Subsequently, Mr. Foret’s sister, Linda Lou Schysm, filed a petition of intervention as to Ms. Foret’s lawsuit, which was granted by the trial court on December 11J 2013.[3] In their petition, Mr. Foret’s sisters alleged that, in March or April of ¿012, the inspector failed to properly investigate reports of a fire hazard at the apartments that resulted in the fatal fire of September 26, 2012; failed to advise the building’s owners.of a fire hazard; failed to bring the required action against the building’s owners to resolve the fire hazard; and falsified reports regarding his investigation of the building. The petition alleged that, as a result of the inspector’s negligence and the SFM’s negligence in supervising the inspector, the •fire occurred and caused Mr. Foret’s wrongful death and the sisters’ damages.
On July 2, 2014, the SFM and the inspector filed an exception of no cause of action on the basis that the petition failed to. allege a duty owed and/or breached by the inspector and the SFM to these particular plaintiffs, relying specifically on Dufrene v. Guarino, 343 So.2d 1097 (La.App. 4th Cir.1977), writ denied, 343 So.2d 1069. Plaintiffs subsequently filed a first amended .petition, alleging that the inspector’s falsification of . records, which indicated that he .inspected the apartments when, in fact,' he had 'not,'- as well as the SFM’s failure to pr6perly>supervise the inspector, amounted to* intentional, willful, outrageous, reckless, and flagrant misconduct. In their opposition to the exception of no cause of action, | ¿Plaintiffs asserted that the inspector’s alleged falsification of records occurred after the fire at the Willow Creek Apartments.
On February 25, 2015, the trial judge heard and granted the exception. On March 11, 2015, the trial judge signed the written judgment granting the exception and allowing Plaintiffs 30 days to amend their petition as reqüired by La. C.C.P. art. 934. • On April 10, 2015, Plaintiffs filed *646 a second amended petition, alleging that “due to the intentional, and/or gross negligent, malicious, actions, and/or inactions, or failure to act, of [the inspector],” the SFM and the inspector “are liable to Plaintiffs under La. R.S. 9:2798.1(0) and La. R.S. 9:2800.”
In response, Defendants filed a second exception of no cause of action on the basis that Plaintiffs’ second amended petition failed to supplement or amend the factual allegations asserted in Plaintiffs’ original and first amended petitions, but rather, simply alleged that those same factual allegations constituted “intentional, and/or gross negligent, malicious, actions, and/or inactions, or failure to act” under La. R.S. 9:2798.1(0 and La. R.S. 9:2800. On June 25, 2015, the trial court held a hearing on Defendants’ second exception of no cause of action, which counsel for Plaintiffs did not attend. At the conclusion of the hearing, the trial court signed a judgment granting Defendants’ second exception of no cause of action and dismissing Plaintiffs’ claims against Defendants with prejudice. Plaintiffs’ appeal of that judgment now follows.
LAW AND DISCUSSION
In Ramey v. DeCaire, 03-1299 (La.3/19/04), 869 So.2d 114, our supreme court discussed the peremptory exception of no cause of action and the scope of appellate review thereof as follows:
A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiffs right to judicially assert the action against the defendant. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1238 (La.1993). The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. Id. at 1235. No evidence may be introduced to support or controvert an exception of no cause of action. La. C.C.P. art. 931. Consequently, the court reviews the petition and accepts well-pleaded allegations of fact as true. Jackson v. State ex rel. Dept. of Corrections, 00-2882 (La.5/15/01), 785 So.2d 803, 806; Everything on Wheels Subaru, 616 So.2d at 1235. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Montalvo v. Sondes, 93-2813 (La.5/23/94), 637 So.2d 127, 131.
Louisiana has chosen a system of fact pleading. La. C.C.P. art. 854 cmt. (a); Montalvo, 637 So.2d at 131. Therefore, it is not necessary for a plaintiff to plead the theory of his case in the petition. Kizer v. Lilly, 471 So.2d 716, 719 (La.1985). However, the mere conclusions of the plaintiff unsupported by facts does not set forth a cause of action. Montalvo, 637 So.2d at 131.
The burden of demonstrating that the petition states no cause of action is upon the mover. City of New Orleans v. Board of Com’rs of Orleans Levee Dist., 93-0690 (La.7/5/94), 640 So.2d 237, 253. In reviewing the judgment of the district court relating to an exception of no cause of action, appellate courts should conduct a de novo review because the exception raises a question of law and the lower court’s decision is based solely on the sufficiency of the petition. Fink v. Bryant, 01-0987 (La.11/28/01), 801 So.2d 346, 349; City of New Orleans, 640 So.2d at 253. The pertinent question is whether; in the light most favorable to plaintiff and with every doubt resolved in plaintiffs behalf, the petition states any valid cause of action for relief. City of New Orleans, 640 So.2d at 253.
Ramey, 869 So.2d at 118-20.
The crux of Plaintiffs’ claims against the SFM and the inspector is that the inspec *647 tor failed to inspect a building that later caught fire and caused the deaths of two people, and that the inspector subsequently falsified records related to his inspection of that building. Accepting the allegations in Plaintiffs’ petition as being true, we agree with the trial court’s finding that neither the petition, nor the amended petitions contain sufficient facts to state a cause of action in negligence under La. R.S. 9:2798.1(0), or La. R.S. 9:2800.
In 1985, the Louisiana Legislature adopted La. R.S. 9:2798.1, which exempts public entities from liability for their employees’ discretionary or policy-making acts. Hardy v. Bowie, 98-2821 (La.9/08/99), 744 So.2d 606, 613; Sunlake Apartment Residents v. Tonti Development Corp., 522 So.2d 1298, 1304 (La.App. 5th Cir.1988). “Under [the discretionary function] doctrine, governmental decision-makers exercising discretionary functions are immune from suit, because the courts should not chill legislative discretion in policy formation by imposing tort liability for a discretionary decision.” Hardy, supra.
La. R.S.. 9:2798.1 provides, in pertinent part, as follows:
A. As used in this Section, “public entity” means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instru-mentalities, officers, officials, employees, and political subdivisions and .the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions.
B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties. . •
C. The provisions of Subsection B of this Section are not applicable:
(1) To acts or omissions which are hot reasonably related to the legitimate governmental objective for which the ... discretionary power exists; or
(2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.
D. The legislature finds and states that the purpose of this Section is not to reestablish any immunity based on the status of sovereignty but rather to clarity the substantive content and parameters of application of such legislatively created codal articles and laws and also to assist in the implementation of Article II of the Constitution of Louisiana.
Where, as here, the defendants are public agencies, La. R.S. 9:2798.1 provides that the governmental entity .is . exempt from liability for:the negligence of its officers or employees, -if. it is a duty owed to the general public as opposed to a duty owed to an individual plaintiff. Dufrene, supra. See also, Stewart v. Schmieder, 386 So.2d 1351 (La.1980); Sunlake, supra. However, under . subsection (C)(2) of La. R.S. 9:2798.1,.a governmental entity is not exempt from | pliability for “acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.”
In this case, we find that the SFM through its employee, the inspector, was performing a discretionary act as contemplated by La. R.S. 9:2798.1, which is a duty owed to the general public. La. R.S. 40:1563(C) states, “The fire marshal shall not conduct or supervise inspections in all remaining matters where a fire prevention bureau is properly certified unless specifically requested by the fire prevention bu *648 reau or-the local governing body of that jurisdiction or upon complaint of any citizen. The fire marshal may, at Ms discretion, report any complaint received from a citizen to the appropriate fire prevention bureau and the fire marshal may conduct a joint inspection with the fire prevention bureau.” (Emphasis added).
■. Here,1 the record reflects that the inspector, in his discretion, contacted the Grand Isle Fire Chief, who is head of the local governing authority’s certified fire prevention bureau, to conduct a fire inspection of the building in question. By law, the SFM and the. inspector were only allowed to perform an inspection after a complaint by a citizen and then, at the SFM’s discretion, only a joint inspection. See La. R.S. 40:1563(0). This is, by definition, a\ discretionary function. . •
Although Plaintiffs alleged in their second amended - petition and on appeal, that the acts- and omissions by the inspector, in-fraudulently and criminally preparing reports for which' he never did an investigation- constituted criminal, frauds-lent,- malicious, intentional, willful, outrageous, reckless, or flagrant misconduct, we disagree that, in this case, a subsequent act is an exception to discretionary immunity under La. R.S. 9:2798.1(C)(2).
In Haab v. E. Bank Consol. Special Serv. Fire Prot. Dist., 13-954 (La.App. 5 Cir. 5/28/14), 139 So.3d 1174, 1182, writ denied, 14-1581 (La.10/24/14), 151 So.3d 609, this Court held that “only the most egregious conduct by parish agents, employees or representatives that exhibits an active desire to cause harm, or a callous indifference to the risk of potential, harm from flagrantly .bad conduct, will rise to the level of ‘willful misconduct’ or ‘criminal, willful, outrageous, reckless, or flagrant'«misconduct’ resulting in a forfeiture of all the immunity protections” under La. R.S. 9:2798.1(0(2).
The record reveals that, after the fire in September, the inspector prepared a false log entry that reflected that he made a second trip to the premises. Although the report was falsified, the misconduct occurred subsequent to the fire, and, more importantly, the preparation of a fraudulent report was not a contributing cause of the fatal fire. We And that this conduct is not sufficient to trigger the exception to discretionary immunity under La. R.S; 9:2798.1(0(2), as alleged in Plaintiffs’ second amended petition.
Additionally, Plaintiffs’ second amended petition alleges that the SFM and the inspector are liable to Plaintiffs under La. R.S. 9:2800. La. R.S. 9:2800 provides that a public entity is responsible under La. C.C. art. 2317 for damages caused by the condition of buildings within its care and custody. Because Plaintiffs’ petition fails to assert any factual allegations suggesting that the Willow Creek apartments were within the care or custody of the SFM or the inspector at any time, we find that Plaintiffs have failed to state a cause of action against the SFM and the inspector-under La. R.S. 9:2800.
Accordingly, the trial court’s decision maintaining the SFM’s and the inspector’s exception of no cause of action and dismissing Plaintiffs’ claims with prejudice, is affirmed.

AFFIRMED.

. The Willow Creek Apartments are also known as, and referred to in this record as, the Rusty Pelican Motel. For brevity and clarity, the apartments will be referred to in this opinion as the Willow Creek -Apartments.

. Plaintiffs’ claims against Steven Caruso, Willow Creek, L.L.C., and their insurers were dismissed with prejudice on August 27, 2014, due to a compromise of those claims.

. Mr. Foret’s remaining siblings filed a petition seeking damages for his wrongful death that was docketed as Hanson, et al. v. Caruso, et al., 731-414, which was consolidated for trial with this matter 'and the petition filed by Ms. Brandi’s survivors that was docketed as Cochran, et al. v. Caruso, et al., 728-882. The matters were addressed by this Court in two prior appeals. See Hanson v. Caruso, 15-449 (La.App. 5 Cir. 12/23/15), 182 So.3d 1187, and Cochran v. Caruso, 15-413 (La.App. 5 Cir. 12/23/15), 182 So.3d 1173.