488 So.2d 1132 (1986)
Bobby BROWN, Plaintiff-Appellant,
v.
RED RIVER PARISH SCHOOL BOARD, Defendant-Appellee.
No. 17786-CA.
Court of Appeal of Louisiana, Second Circuit.
May 7, 1986.
*1133 Murphy J. White & Associates by Murphy J. White, Mansfield, for plaintiff-appellant.
William R. Jones, Dist. Atty. by Robert E. Bethard, Coushatta, for defendant-appellee.
Before JASPER E. JONES, FRED W. JONES, Jr. and LINDSAY, JJ.
FRED W. JONES, Jr., Judge.
Plaintiff Brown, a teacher employed by the Red River Parish School Board, sued his employer for damages for defamation. The trial court initially sustained a plea of prematurity, which action we reversed on appeal and remanded the case. See Brown v. Red River Parish School Board, 469 So.2d 1110 (La.App. 2d Cir.1985).
The defendant then filed an exception of no cause of action, contending it had been granted immunity from suits of this nature by La. R.S. 17:110. The trial court rendered judgment sustaining this exception and again dismissed plaintiff's suit. Plaintiff has appealed this judgment.
For the reasons hereinafter explained, we reverse the judgment of the district court.
The purpose of the peremptory exception of no cause of action is to test whether plaintiff's allegations entitle him to any remedy whatsoever at law. For purposes of deciding this exception all well-pleaded allegations of the petition must be taken as true. Any doubt as to the sufficiency of the petition must be resolved in favor of plaintiff. Johnston v. Cummins et al, 388 So.2d 432 (La.App. 2d Cir.1980).
In his petition plaintiff alleged that defendant "did maliciously accuse, reprimand and placed petitioner on probation for excessive child punishment; all of which petitioner denies and never was afforded an opportunity or hearing to be heard or confront his accusers", and "At that time, and subsequent to defendant's negligent actions above, defendant conveyed its decision and actions against petitioner to other persons, including but not limited to COUSHATTA CITIZENS and THE SHREVEPORT TIMES."
Plaintiff has obviously stated facts which, if proven, would entitle him to a remedy at law. This is not affected by La.R.S. 17:110 nor by La.R.S. 9:2798.1, which defendant has cited in its brief on appeal.
La.R.S. 17:110 provides:
No school board or member thereof, nor its agents or examiners, shall be answerable to any charge of libel, slander, or other action, whether civil or criminal, by reason of any finding or statement contained in the written findings of fact or decisions or by reason of any written or oral statements made in the course of proceedings or deliberations provided for under this Sub-part.
La.R.S. 9:2798.1 stipulates in pertinent part:

* * * * * *
B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policy-making or discretionary acts when such acts are within the course and scope of their lawful powers and duties.

C. The provisions of Subsection B of this Section are not applicable:
(1) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policy-making or discretionary power exists; or
(2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.

D. The legislature finds and states that the purpose of this Section is not to reestablish any immunity based on the status of sovereignty but rather to clarify the substantive content and parameters of application of such legislatively *1134 created codal articles and laws and also to assist in the implementation of Article II of the Constitution of Louisiana. (Emphasis added)
Plaintiff argues correctly that this statute was passed subsequent to the alleged defamation actions. However, the act is interpretive in nature and may thus be construed retroactively. La.R.S. 9:2798.1 D and Gulf Oil Corp. v. State Mineral Board et al, 317 So.2d 576 (La.1974).
These statutes do not purport to deprive plaintiff of a cause of action. Therefore, the trial judge erred in sustaining that exception.
More to the point is whether the cited immunity statutes deprive plaintiff of a right of action, which we may notice on our own motion. La.C.C.P. Article 927. In other words, is the remedy afforded by law for defamation denied this particular plaintiff because of these statutes? See Teachers Retirement System of Louisiana v. Louisiana State Employees' Retirement System, 456 So.2d 594 (La.1984).
We can answer definitely in the negative with reference to La.R.S. 17:110. By its language this statute is applicable only to "written or oral statements made in the course of proceedings or deliberations provided for under this Sub-part." The sub-part in question is entitled "Assignment, Transfer and Continuance of Pupils." All of the clauses contained therein pertain generally to the issue of integration. Nothing in this record nor in briefs presented on appeal suggests that the alleged statements made by the defendant school board related to the subject matter of this statute. Consequently, it does not operate to deprive plaintiff of a right of action.
La. 9:2798.1 appears to grant a broader range of immunity to public bodies when "such acts are within the course and scope of their lawful powers and duties" and, among other things, are not "malicious."
Plaintiff has alleged that the school board's conduct was malicious and was outside the scope of the defendant's lawful powers and duties. Since, however, there has been no hearing to afford the parties the opportunity to present evidence on these issues, we are not in a position to determine whether plaintiff has been deprived of a right of action by this statute.
In view of the fact that these questions go to the heart of plaintiff's case, if defendant now files in the trial court an exception of no right of action, we suggest in the interest of judicial economy that it be referred to the merits and that the matter proceed in accordance with law.
For the reasons stated, we reverse the judgment of the district court sustaining the exception of no cause of action; overrule the exception of no cause of action; and remand the case to the district court for further proceedings in accordance with this opinion.