STOKER, Judge.
This matter is before us on a supervisory writ applied for by James Carpenter, Jr. The issue in this case is whether the trial court abused its discretion in not allowing Carpenter to file an amended petition to assert a cause of action in tort against the Catahoula Parish School Board. We reverse.
FACTS
James Carpenter, Jr., a tenured teacher in the Catahoula Parish school system, was dismissed from his positions as the principal of the Sicily Island Elementary School and as a classroom teacher at Martin Junior High School after the Catahoula Parish School Board (School Board) found him guilty of willful neglect of duty, incompetence and dishonesty in connection with his duties as principal of Sicily Island Elementary School. Carpenter filed a motion for judicial review by the district court of the School Board’s findings, alleging they are not supported by sufficient evidence and were the result of a political vendetta against him by the school superintendent. *1014 Carpenter also alleged that he was denied due process through the School Board’s failure to comply with statutory procedures for evaluation, remediation, confrontation and rebuttal. Carpenter demanded reinstatement with back pay, damages for mental anguish, humiliation, embarrassment and attorney’s fees. The School Board filed a motion to strike seeking to have Carpenter’s demands for general damages and attorney’s fees stricken from his petition on these bases: (1) that reinstatement and baek pay are the sole remedies available to Carpenter for an improper discharge under LSA-R.S. 17:443, (2) that non-pecuniary damages are not available for breach of an employment contract and (3) that there is no statutory or contractual provision allowing recovery of attorney’s fees in this case. The trial court granted the School Board’s motion and struck Carpenter’s requests for attorney’s fees and general damages (including loss of prospective employment).
In order to more clearly state a cause of action in tort, Carpenter attempted to file a first amending petition which enlarged on the original petition by alleging in greater detail the School Board’s intent to inflict emotional distress upon Carpenter, why it was inflicted and how. Carpenter also alleged that the School Board disseminated confidential information about him to third persons. Carpenter reasserted his claims for damages for mental anguish, humiliation, embarrassment, lost employment opportunities, lost retirement status and for reinstatement with back pay. The claim for attorney’s fees was abandoned.
The School Board would not consent to permit Carpenter to file his amending petition as required by LSA-C.C.P. art. 1151. The trial court denied Carpenter’s motion to file his amending petition on the basis that the cause of action for reinstatement and back pay afforded Carpenter under LSA-R.S. 17:443 constituted an exclusive remedy. Carpenter applied to this court for a supervisory writ which was granted.
OPINION
The substantive issue before us is whether Carpenter is entitled to recover general damages by asserting a cause of action in tort in addition to demanding reinstatement and back pay under LSA-R.S. 17:443 B for improper discharge. The defendant School Board asserts that Carpenter’s failure to appeal the trial court’s holding on the motion to strike (in reality an exception of no cause of action) precludes us from addressing the issue of the correctness of the trial court’s ruling and we should, therefore, only concern ourselves with the issue of Carpenter’s right to amend his petition. However, the two issues are not independent of each other. Although we cannot reverse the trial court’s initial ruling on the motion that was not appealed, we must address the issue of whether Carpenter was entitled to assert a cause of action for general damages in order to determine whether Carpenter should have been granted leave to file an amending petition.
Initially, we note that a motion to strike is not the proper way to procure dismissal of a cause of action. However, the improper designation of a pleading does not control the relief granted since pleadings are governed by their substance. The court may grant appropriate relief under the facts raised in the pleading. LSA-C. C.P. art. 865; Succession of Smith, 247 La. 921, 175 So.2d 269 (1965). Therefore, we will treat the School Board’s motion to strike as an exception of no cause of action directed to plaintiff’s cause of action for general damages, which is essentially what the trial court did. See Adams v. New Orleans Blood-Bank, Inc., 343 So.2d 363 (La.App. 4th Cir.1977).
The trial court dismissed Carpenter’s claim for general damages. If Carpenter is not entitled to a cause of action for general damages as a matter of law, the trial court properly denied leave to amend. LSA-C. C.P. art. 934. However, if Carpenter’s petition is merely vague or alleges insufficient facts to plead a cause of action for general damages, leave to amend should have been granted. LSA-C.C.P. art. 932, art. 934 and art. 1151. Such amendment would not enlarge the pleadings but would merely allege additional facts in order to *1015 set forth the cause of action with greater particularity.
The School Board’s primary contention is that LSA-R.S. 17:443 B purports to set forth an exclusive remedy of back pay and reinstatement for improper discharge of a tenured employee and, therefore, Carpenter is not entitled to a cause of action for general damages. LSA-R.S. 17:443 B states:
“B. If a permanent teacher is found guilty by a school board, after due and legal hearing as provided herein, on charges of willful neglect of duty, or of incompetency, or dishonesty, or of being a member of or contributing to any group, organization, movement or corporation that is by law or injunction prohibited from operating in the state of Louisiana, and ordered removed from office, or disciplined by the board, the superintendent with approval of the board shall furnish to the teacher a written statement of recommendation of removal or discipline, which shall include but not be limited to the exact reason(s), offense(s) or instance(s) upon which the recommendation is based. Such teacher may, not more than one year from the date of the said finding, petition a court of competent jurisdiction for a full hearing to review the action of the school board, and the court shall have jurisdiction to affirm or reverse the action of the school board in the matter. If the finding of the school board is reversed by the court and the teacher is ordered reinstated and restored to duty, the teacher shall be entitled to full pay for any loss of time or salary he or she may have sustained by reason of the action of the said school board.”
We agree with the School Board’s contention that reinstatement and back pay are the proper remedies for a cause of action under LSA-R.S. 17:443 B. However, Carpenter’s petition also purports to allege a cause of action for an intentional tort committed by members of the Cata-houla Parish School Board, for which general damages are the appropriate remedy. LSA-R.S. 17:443 B does not contain any language which can be construed as providing an exclusive remedy which would preclude all tort claims, such as is found in LSA-R.S. 23:1032 of the Worker’s Compensation Act. Moreover, the underlying principles of a statutorily exclusive remedy such as the Worker’s Compensation Act are absent from the Teachers’ Tenure statutes, LSA-R.S. 17:441, et seq. There is no compromise in the statutory scheme through which the School Board has surrendered immunity against strict liability in return for which the tenured employees lose their right to full damages for their injuries and accept instead the limited remedy of reinstatement and back pay. See W.S. Malone and H.A. Johnson, III, 14 La. Civil Law Treatise, “Workers’ Compensation” § 361 (2d ed. 1980).
On the contrary, LSA-R.S. 9:2798.1 B provides the School Board immunity limited to certain types of non-tortious conduct. LSA-R.S. 9:2798.1 C makes a specific exception to this immunity by imposing liability for certain types of tortious acts:
“§ 2798.1 Policy-making or discretionary acts or omissions of public entities or their officers or employees
A. As used in this Section, ‘public entity’ means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instru-mentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivision.
B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policy-making or discretionary acts when such acts are within the course and scope of their lawful powers and duties.
C. The provisions of Subsection B of this Section are not applicable:
(1) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policy-making or discretionary power exists; or
*1016 (2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.
D. The legislature finds and states that the purpose of this Section is not to reestablish any immunity based on the status of sovereignty but rather to clarify the substantive content and parameters of application of such legislatively created codal articles and laws and also to assist in the implementation of Article II of the Constitution of Louisiana.”
In light of the allegations in Carpenter’s original and amended petitions that the School Board’s actions were arbitrary, capricious and an abuse of its discretion, were motivated by a political vendetta against Carpenter with the intent to injure his reputation, and that it maliciously spread vicious rumors and disseminated confidential personnel information concerning Carpenter, the School Board may establish that it is entitled to immunity under LSA-R.S. 9:2798.1 only through a trial on the merits. See Brown v. Red River Parish School Board, 488 So.2d 1132 (La.App. 2d Cir.1986). See also, Jackson v. St. Landry Parish School System, 407 So.2d 51 (La.App. 3d Cir.1981), writs denied, 412 So.2d 98, 99 (La.1982), (general damages claimed but held not proven). The pleadings are sufficient to state a cause of action for damages in tort. The plaintiff, of course, must prove his case. The question of immunity under LSA-R.S. 9:2798.1 is a question of fact to be determined through a trial.
Finally, the School Board contends that the amended petition is vague and fails to state a cause of action on which relief can be granted. Such issues are properly raised by exception after the petition has been filed in the suit.
In conclusion, we hold that Carpenter is entitled to allege a cause of action for general damages in addition to a cause of action for reinstatement and back pay under LSA-R.S. 17:443 B. See Brown v. Red River Parish School Board, 469 So.2d 1110 (La.App. 2d Cir.1985); Brown v. Red River Parish School Board, 488 So.2d 1132 (La.App. 2d Cir.1986). Therefore, Carpenter should have been permitted to amend his petition to set forth with greater particularity facts tending to establish his claim for general damages.
CONCLUSION
Accordingly, for the reasons given, the judgment of the trial court denying plaintiff’s motion to amend is reversed and the case is remanded to the district court for further proceedings in accordance with the views set forth herein. Costs of this writ are assessed to defendant-respondent.
REVERSED AND REMANDED.