710 So.2d 249 (1997)
SIERRA CLUB and Louisiana Environmental Action Network, Inc.
v.
J. Dale GIVENS, in his official capacity as Secretary of the Louisiana Department of Environmental Quality, and the Louisiana Department of Environmental Quality.
No. 97 CW 0959.
Court of Appeal of Louisiana, First Circuit.
September 26, 1997.
Writ Denied January 9, 1998.
Eric Huber, New Orleans, for Plaintiffs.
*250 Ann Coco, Baton Rouge, for DEQ.
Maureen Harbourt, Baton Rouge, for Intervenor La. Chemical Ass'n.
Before GONZALES and PARRO, JJ., and RALPH E. TYSON, J. Pro Tem.
WRIT GRANTED. The trial court's ruling of February 3, 1997, denying defendants' peremptory exception of no cause of action, challenging the plaintiffs' citizen suit under La.R.S. 30:2026(A)(1), is hereby reversed and judgment is rendered in defendants' favor, granting the exception.
Louisiana Revised Statute 30:2026(A) provides that "any person having an interest, which is or may be adversely affected, may commence a civil action on his own behalf against any person whom he alleges to be in violation of [the Louisiana Environmental Quality Act] or of the regulations promulgated [thereunder]." The statutory scheme of the Environmental Quality Act (EQA) indicates that the purpose of the citizen suit provision is to challenge acts of persons regulated by the EQA, not to challenge acts of the Louisiana Department of Environmental Quality (DEQ), as the regulator that enforces the EQA.
We first note that § 2026(A)(1) is somewhat vague because it allows a citizen suit against any "person" alleged to be in violation of the EQA and applicable regulations, and that "person" is defined in La.R.S. 30:2004(8) to include the State of Louisiana and its political subdivisions. Further, § 2026(A)(1) allows the citizen suit for alleged "violations" of the EQA and applicable regulations, and "violation" is defined in La. R.S. 30:2004(21) to be a "failure to comply with the requirements of [the EQA and] the rules issued under [the EQA]."
The plaintiffs claim that these definitional provisions allow a suit under § 2026(A) against DEQ as a part of the State of Louisiana for its failure to implement its own regulations. We agree that, when read in isolation, the provisions are subject to such an interpretation. However, when the statutory enforcement scheme of the EQA is read as a whole, it is evident that the purpose of the citizen suit provision is to challenge the acts of persons regulated by the EQA which are in violation of the environmental requirements of the act and regulations promulgated thereunder.
Section 2025 of the EQA, entitled "Enforcement" gives DEQ the authority to bring any civil action necessary to carry out the provisions of the EQA. La.R.S. 30:2025(A). This authority includes the commencement of civil actions for damages, penalties, and injunctive relief for violations of the EQA; and the issuance of compliance orders and emergency cease and desist orders when DEQ determines that a violation of the EQA will endanger or cause damage to public health or the environment. La.R.S. 30:2025(B), (C), (E). If DEQ fails in its duty to enforce the provisions of the EQA by using the enforcement mechanisms contained in § 2025, the next section of the EQA, § 2026, provides a means by which a person whose interests are adversely affected by a violator's acts can seek the assessment of civil penalties, injunctive relief, and damages. La.R.S. 30:2026(A). This citizen suit, or "qui tam action,"[1] provides a valuable tool whereby concerned citizens act as "private attorneys general" for the enforcement of environmental safeguards against violators when DEQ fails in its duty of enforcement. However, the action is not designed for use against DEQ.[2]
Our interpretation of § 2026(A) is supported when its text is read in pari materia with other provisions of the EQA. First, § 2026, allowing for the private enforcement of the EQA, immediately follows § 2025, which provides for DEQ's enforcement of the EQA. It is logical that the two means by *251 which violators of the EQA can be challenged would be sequential. Next, a citizen suit under § 2026(A) cannot be commenced until the plaintiff has given written notice of the violation to the secretary of DEQ and the alleged violator. La.R.S. 30:2026(B)(1). Further, a citizen suit is prohibited when DEQ has already implemented civil or criminal action to address the alleged violation. La.R.S. 30:2026(B)(2), (4). Also, penalties assessed in a citizen suit are awarded to the State. La.R.S. 30:2026(A)(3). Clearly, these provisions do not envision the DEQ as a defendant in a citizen suit.
The exception of no cause of action questions whether the law extends a remedy to anyone under the factual allegations of the petition. The purpose of the exception is to determine the sufficiency in law of the petition. Treasure Chest Casino v. Parish of Jefferson, 96-1010 (La.App. 1st Cir. 3/27/97), 691 So.2d 751, 754, writ denied, 97-1066 (La. 6/13/97), 695 So.2d 982. In this case, the plaintiffs' petition indicates that they are pursuing a citizen suit under § 2026(A) against DEQ, in its capacity as a regulator, for its failure to enforce one of its regulations, namely LAC 33:IX.1113(B)(8), which provides:
Nutrients. The naturally occurring range of nitrogen-phosphorus ratios shall be maintained. The range shall not apply to designated intermittent streams. To establish the appropriate range of ratios and compensate for natural seasonal fluctuations, the administrative authority will use site specific studies to establish limits for nutrients. Nutrient concentrations that produce aquatic growth to the extent that it creates a public nuisance or interferes with designated water uses shall not be added to any surface water.
Because we have concluded that La.R.S. 30:2026(A) does not provide for suits against DEQ in its capacity as a regulator under the EQA, we find that the law does not extend a remedy to the plaintiffs under the factual allegations of the petition. The trial court erred in denying DEQ's exception of no cause of action as it pertains to the plaintiffs' citizen suit.
For the foregoing reasons, we grant the exception of no cause of action.
NOTES
[1] "Qui tam" is an abbreviated form for the Latin phrase "qui tam pro domino rege quam pro si ipso in hac parte sequitur" meaning "Who sues on behalf of the King as well as for himself." Black's Law Dictionary 1251 (6th ed. 1990).
[2] Where a state agency fails to do its job, as perceived by the electorate, the solution is a political one. In extreme cases, the district attorney (and only the district attorney) is empowered to bring criminal malfeasance charges against a public official when he "[i]ntentionally refuse[s] or fail[s] to perform any duty lawfully required of him, as such officer...." La.R.S. 14:134.