768 So.2d 273 (2000)
John TREEN, Individually, and on Behalf of All Other Members of the Republican Party of Louisiana
v.
THE REPUBLICAN PARTY OF LOUISIANA, A Political Party, Michael Francis, Rhett Davis, and Lloyd Lenard.
No. 99 CA 2073.
Court of Appeal of Louisiana, First Circuit.
September 22, 2000.
*274 John David Cassanova, Metairie, Counsel for Plaintiffs/Appellants, John Treen, individually, and on behalf of all other members of the Republican Party of Louisiana.
Thomas A. Gennusa, II, Gina A. Gennusa, Metairie, Counsel for Defendant/Appellee, The Republican Party of Louisiana.
Glen Scott Love, Andrew W. Eversberg, Kevin P. Landreneau, Baton Rouge, Counsel for Defendant/Appellee, Lloyd Lenard.
Donald R. Smith, Baton Rouge, Counsel for Intervenor/Appellee, Allstate Insurance Company.
*275 Homer Ed Barousse, Jr., Crowley, Counsel for Defendant/Appellee, Michael Francis.
J. Lomax Jordan, Jr., Lafayette, Counsel for Defendant/Appellee, Rhett Davis.
John S. White, Jr., Baton Rouge, Counsel for Intervenor/Appellee, State Farm Fire and Casualty.
Before: GONZALES and PETTIGREW, JJ., and CRIGLER,[1] J. Pro Tem.
GONZALES, J.

PROCEDURAL HISTORY
John Treen, individually, and on behalf of all other members of the Republican Party of Louisiana, filed suit on January 9, 1997, against the Republican Party of Louisiana; Michael Francis, Chairman of the Republican Party; Rhett Davis, Executive Director of the Republican Party of Louisiana; and Lloyd Lenard, Treasurer of the Republican Party of Louisiana.
Mr. Treen alleged that the defendants violated La. R.S. 18:464(G) by diverting party funds in support of certain political candidates for political office and, further, that the defendants sold the Republican Party headquarters in Baton Rouge and diverted the proceeds from the sale, against the best interest of the party.
Mr. Treen alleged that Mr. Francis, Mr. Davis, and Mr. Lenard owed a fiduciary duty to the Republican Party, as well as the duty to act in good faith in conducting the affairs of the party. He alleged that they made misrepresentations, failed to disclose information, made negligent and intentional misrepresentations and omissions, failed to act in good faith, breached their fiduciary duty, and engaged in wrongful conduct under Louisiana law, and, further, their acts constituted negligence, gross negligence, wanton negligence, malicious fault, and unlawful conduct.
Mr. Treen asserted that by engaging in the conduct which he alleged, the defendants jeopardized the rights of the Republican Party and its members by grossly mismanaging the Republican Party, by committing gross and persistent ultra vires acts, by wasting, misusing and misapplying the party's assets, and by failing to exercise the diligence, care, judgment and skill which ordinarily prudent people would exercise under similar circumstances in like positions.
Mr. Treen asserted that the actions he described in his petition constituted misrepresentations, failure to disclose information, negligent and intentional misrepresentation or omission, failure to act in good faith, breach of fiduciary duty and wrongful conduct under La. R.S. 18:464(G), which exposed the defendants to imposition of the penalties provided in La. R.S. 18:1461, and any other sanctions which were appropriate.
Mr. Treen prayed that the defendants be directed to pay the Republican Party the sums that are found to be due and that judgment be entered against the defendants, jointly and solidarily, in the amount found due in favor of the Republican Party, that an independent audit and/or accounting of the Republican Party of Louisiana be ordered at the expense of the defendants, that penalties and sanctions provided for in La. R.S. 18:1461 and any other appropriate penalties and sanctions be imposed upon the defendants, that plaintiff be granted attorney fees, together with costs, and that the Republican Party have such other and further relief to which it may be entitled.
Mr. Davis filed peremptory exceptions of no cause of action, no right of action and prescription, along with other exceptions. He asked that the suit against him be dismissed.
*276 Mr. Lenard filed peremptory exceptions of no cause of action, no right of action and prescription. The Republican Party and Mr. Francis filed peremptory exceptions of no cause of action, no right of action and prescription.
Allstate Insurance Company, which had in force a policy of homeowner's liability insurance insuring Rhett C. Davis and Vicky Susan Babin Davis, beginning May 29, 1996 and ending on May 29, 1997, filed a petition of intervention. Allstate asserted that its policy of homeowner's insurance did not afford coverage to Mr. Davis for the acts or omissions attributed to him in the petition, and that Allstate was entitled to a declaration that coverage did not exist under its policy.
State Farm Fire and Casualty Company, Mr. Lenard's homeowner's insurer, filed a petition of intervention for declaratory judgment. State Farm adopted all well-pleaded defenses by Mr. Lenard, attached to its petition a copy of its homeowner's insurance policy issued to Mr. Lenard for June 23, 1995 to June 23, 1996, and a copy of the personal liability umbrella policy issued to Mr. Lenard and Betty Jo Lenard for May 19, 1995 to May 19, 1996. State Farm asserted that, in the event Mr. Lenard was liable for any of the demands asserted in the principal demand, its insurance policies did not afford coverage. State Farm prayed for leave to file the intervention and for a declaratory judgment that its policies did not provide insurance coverage or a duty to defend the insureds for the demands made in the principal demand.
The trial court overruled the exceptions of no cause of action, no right of action and prescription filed by the Republican Party, Mr. Francis, and Mr. Lenard on September 24, 1997.
Mr. Lenard filed an answer to the petition, generally denying the allegations of the plaintiff and, further, asserted that the acts he performed were in compliance with the laws of Louisiana, any and all regulations of the Republican Party of Louisiana, and were at all times in the best interest of the Republican Party of Louisiana.
Further, Mr. Lenard asserted that a public audit of the accounts of the Republican Party of Louisiana documented the fact that the party had not lost any improperly diverted funds, that there was no misuse, unlawful use, or waste of funds of the Republican Party of Louisiana, and that defendant at all times acted with due diligence, care, judgment and skill which an ordinary, prudent person would have exercised under similar circumstances and in a like position as the defendant. Further, he asserted that at all times he acted with the due diligence, care, judgment and skill which an ordinary prudent person would have exercised under similar circumstances and in a like position as the defendant.
Mr. Francis answered the petition, generally denying Mr. Treen's allegations, asserting that the sale of party property was in the best interest of the party, and asserting that an independent audit showed that no party funds were diverted or misused.
The Republican Party also answered the petition, generally denying the allegations of Mr. Treen's petition and asserting that an independent audit showed that no party funds were misused or diverted. Mr. Davis answered the petition, generally denying Mr. Treen's allegations also.
State Farm filed a motion for summary judgment, asserting that its policy did not provide coverage to Mr. Lenard for the demands made in the principal action and that it did not have a duty to defend Mr. Lenard in the action. State Farm's motion for summary judgment was denied by the trial court.
On June 1, 1998, the trial court appointed Kevin Caire, a certified public accountant, to review income records for qualifying fees for the year 1995 to determine whether or not those fees were used in accordance with the law by the Party, or *277 whether or not those fees were, in fact, disseminated to particular candidates for use in their elections. Mr. Caire was further ordered not to disseminate this information to anyone else other than the court, and was ordered to report to the trial court upon concluding his review.
Thereafter, on April 6, 1999, Mr. Lenard filed a motion for summary judgment. He attached his affidavit and a portion of Mr. Treen's deposition to the motion. State Farm filed a motion for summary judgment, adopting by reference the exhibits and memorandum in support of Mr. Lenard's motion for summary judgment.
On May 10, 1999, the trial court rendered judgment, granting the motion for summary judgment filed by Mr. Lenard and State Farm and dismissing the claims asserted against them. This judgement was designated a final judgment by the trial court.

ASSIGNMENTS OF ERROR
The plaintiff is appealing the dismissal of his claims against Mr. Lenard and State Farm and makes the following assignments of error:
The trial court erred when it:
1) Granted Summary Judgment while actively preventing adequate discovery;
2) Granted Summary Judgment in favor of defendant, Lloyd Lenard with prima facie evidence clearly before it indicating a breach of fiduciary duty and/or neglect by defendant in his admission against interest in his self-serving affidavit along with the affidavit of CPA Kenney;
3) Failed and refused to Grant Summary Judgment in favor of plaintiffs/appellants as to the issue of liability with prima facie evidence clearly before it indicating a breach of fiduciary duty and/or neglect by defendant in his admission against interest in his self-serving affidavit along with the affidavit of CPA Kenney;
4) Improperly weighed the conflicting evidence in contravention of case law which holds that judges are not to weighing evidence on a Motion for Summary Judgment;
5) Failed to apply the correct standard of conduct as set forth in La. R.S. 12:226(A) and the jurisprudence;
6) Failed and refused to allow adequate discovery, including but not limited to, the following:
1) Failure to enforce its original discovery order;
2) On-going and continuing pattern of blocking plaintiffs' discovery;
3) Sua sponte appointment of a CPA; and
4) Any and all errors patent.
7) Failed and refused to grant the motion for continuance based on lack of adequate discovery filed by plaintiffs/appellants.

THE NO CAUSE OF ACTION ISSUE
The peremptory exception raising the objection of no cause of action may be raised by either the trial court or the appellate court on its own motion. La. C.C.P. art. 927. At oral argument, this court asked that counsel for Mr. Treen and Mr. Lenard brief the issue of whether Mr. Treen stated a cause of action against Mr. Lenard and State Farm Fire and Casualty Company.
The objection of no cause of action questions whether the law extends a remedy to anyone under the factual allegations of the petition. The purpose of an exception pleading the objection of no cause of action is to determine the sufficiency in law of the petition. Generally, no evidence may be introduced to support or controvert the exception. Sivils v. Mitchell, 96-2528 (La.App. 1 Cir. 11/7/97), 704 So.2d 25, 27.
The exception is triable on the face of the papers and, for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. City of *278 New Orleans v. Board of Commissioners of the Orleans Levee District, 93-0690 (La.7/5/94), 640 So.2d 237, 241.
A review of Mr. Treen's petition shows that it contains merely conclusory allegations,[2] with no facts to back up his allegations. See Sunlake Apartment Residents v. Tonti Development Corporation, 522 So.2d 1298, 1300 (La.App. 5th Cir.3/14/88). Mr. Treen alleges that the defendants diverted party funds, sold the party headquarters against the best interest of the party, and that Mr. Lenard violated his fiduciary duty to the party, as well as his duty to act in good faith in conducting the affairs of the party.
After the conclusory allegations are stricken, the petition contains no facts which show that funds were improperly diverted, no facts which show that the sale of the party headquarters was against the best interest of the party, and no facts which show that Mr. Lenard violated his fiduciary duty to the party or violated his duty to act in good faith in conducting the affairs of the party. The only possible factual claim against Mr. Lenard is that he was part of a decisional process to sell "the headquarters facility" without authority. There is no allegation that if such sale did take place, Mr. Lenard personally profited and, thus, violated a fiduciary duty. And further, there is no factual allegation that a financial loss occurred as a result of the sale, which could possibly be the basis of a negligence claim. A disgruntled stockholder or member of a corporation or unincorporated association is not entitled to challenge the management decisions he disagrees with under the guise of a shareholder's action.
Further, we note that Mr. Treen alleges the defendants committed "wrongful conduct under R.S. 18:464(G) which exposes the defendants to imposition of the penalties provided in R.S. 18:1461, and any other sanctions which are appropriate in the premises."
Louisiana Revised Statute 18:464[3] provides that qualifying fees are to be paid by candidates for office, and it further provides that:
G. Use of fees. Fees collected by state central committees and parish executive committees pursuant to this Section shall be used solely for the operation of such committees. No such fees shall be used for the direct benefit of any particular candidate for public office.
Louisiana Revised Statute 18:1461 provides that:
A. No person shall knowingly, willfully, or intentionally:
(1) Fail, refuse, or neglect to discharge any duty imposed upon him, either individually or in an official capacity, by any provision of this Title.
This statute further provides:
B. Whoever violates provision of this Section shall be fined not more than one thousand dollars or be imprisoned for not more than one year, or both. On a second offense, or any succeeding offense, the penalty shall be a fine of not *279 more than two thousand five hundred dollars or imprisonment for not more than five years, or both.
We note that the Environmental Quality Act provides a means by which a person aggrieved by a violator's act can seek the assessment of civil penalties, injunctive relief, and damages. This citizen suit, or "qui tam action" provides a valuable tool whereby concerned citizens act as "private attorneys general" for the enforcement of environmental safeguards against violators when DEQ fails in its duty of enforcement. Sierra Club v. Givens, 97-0959 (La.App. 1 Cir. 9/26/97), 710 So.2d 249, 250, writ denied, 97-2661 (La.1/9/98), 705 So.2d 1106.
However, the Louisiana Election Code does not provide for a citizens suit, or "qui tam action" for the enforcement of regulatory statutes against violators if the district attorney or attorney general fails to enforce the code. The statute in question is penal in nature and can only be enforced by the duly elected prosecutorial authorities. See La. Const. Art. 5 § 26(B). See also Sierra Club v. Givens, 710 So.2d 249, 250 n. 2.
Mr. Treen simply has no cause of action against the Republican Party and its officials if they violate the Louisiana Election Code. Further, the criminal code usurpation statute prevents Mr. Treen from acting as an elected public official. La. R.S. 14:112.
Assuming that the defendant political party is a corporation,[4] and further assuming Mr. Treen's action is a stockholder derivative action, then he must allege by specific facts that he is advancing some interest of the corporation. His petition fails to allege with specificity any interest of the corporation or any specific facts which would constitute any actual damage to the corporation. See Palowsky v. Premier Bancorp, Inc., 597 So.2d 543, 545 (La.App. 1 Cir.1992). Furthermore, if Mr. Treen's petition is a shareholder derivative action, he is required to followed the mandates of Louisiana Code of Civil Procedure articles 611 et. seq., regarding derivative actions.
For the foregoing reasons, this court finds that Mr. Treen failed to state a cause of action in his petition; therefore, the trial court judgment which dismissed the case against Mr. Lenard and State Farm is AFFIRMED. However, the case is REMANDED to allow Mr. Treen fifteen (15) days from the date this opinion becomes final in which to amend his petition to allege a cause of action, if he can do so.[5] La. C.C.P. art. 934. Costs are assessed against Mr. Treen.
NOTES
[1] The Honorable John D. Crigler, Judge, Sixth Judicial District Court, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Examples of the conclusory allegations are found in paragraph XV of Mr. Treen's petition, which states:

The actions described in the preceding paragraphs constitute misrepresentations, failure to disclose information, negligent and intentional misrepresentation or omission, failure to act in good faith, breach of fiduciary duty and wrongful conduct under the applicable Louisiana laws and further constitute negligence, gross negligence, wanton negligence, malicious fault and unlawful conduct.
Since there is not a single well-pleaded fact in this paragraph, it provides absolutely no information for advancing a known cause of action.
[3] The constitutional validity of this statute seems highly questionable, in light of the Louisiana Supreme Court's reasoning in Louisiana Republican Party v. Foster, 96-0314 (La.5/21/96), 674 So.2d 225, which followed the constitutional mandates of Eu v. San Francisco County Democratic Central Committee, 489 U.S. 214, 109 S.Ct. 1013, 103 L.Ed.2d 271 (1989). We recognize that constitutional issues were not raised in the trial court below and are, therefore, not before us.
[4] The record is not clear, and the parties have not resolved the issue of whether or not The Republican Party, an entity created under state law, is also a corporation. The public records indicate that on June 25, 1993, an entity known as the Louisiana Republican Party, the membership of which consists of the members of the Louisiana Republican State Central Committee, was chartered. The incorporaters were Dudley J. Lastrape and Charles McMains. Whether the proper parties plaintiff and defendant have been joined in the suit is not before us at this time.
[5] If an interest of the corporation is being advanced by the plaintiff's suit, it must be identified with specific facts. If there is any loss to the corporation because of the breach of a fiduciary duty, that loss, too, must be identified.