IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-41120
Summary Calendar

FERNANDO MORALES-GARZA

Plaintiff - Appellant

v.

SUSANA LORENZO-GIGUERE, Special Litigation Counsel, Voting
Section US Department of Justice, Civil Rights Division

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:07-CV-17

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Fernando Morales-Garza, proceeding pro se, appeals the district court's dismissal of his action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). We affirm, although on a different ground than that articulated by the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTS AND PROCEEDINGS

On March 1, 2007, Morales-Garza filed a pro se "Petition for Summary Judgment," which the district court construed as a complaint, against Susana Lorenzo-Giguere, an attorney in the Voting Section of the U.S. Department of Justice's Civil Rights Division.[1] Morales-Garza alleges that the absentee voting process of the United States failed to comply with the Help America Vote Act of 2002 ("HAVA"), 42 U.S.C. § 15301 et seq.[2] In support of this allegation, Morales-Garza, an inventor, claimed that he developed a system of voting that has made it possible to ensure the privacy of absentee voters. Because of his invention, Morales-Garza sought a declaratory judgment that § 15481(c)(2), which preserves paper balloting procedures, "no longer protects or excuses paper ballot voting systems" from the alleged privacy requirement of § 15481(a)(1)(A)(i). Morales-Garza claimed that the present system "permits intimidation, inhibition and vote trade" and that his new system could remedy these problems. In a later filing, Morales-Garza also suggested potential liability for Lorenzo-Giguere under 42 U.S.C. § 1983, which provides a cause of action where any person acting under color of state law violates the Constitution or a federal law, and 28

---

[1] Although not specifically stated in his complaint, Morales-Garza has conceded that he is suing Lorenzo-Giguere in her official capacity only.

[2] Morales-Garza previously filed a nearly identical "Petition for Summary Judgment" against the United States Election Assistance Commission ("EAC") on July 3, 2006. See Morales v. U.S. Election Assistance Comm'n, No. 1:06-46, 2006 U.S. Dist. LEXIS 96797 (E.D. Va. Aug. 14, 2006). The district court construed Morales-Garza's filing as a motion for summary judgment, denied relief, and entered judgment for the EAC. See id. at *1–2. The district court found that Morales-Garza did not properly serve the complaint, made no showing that Congress unequivocally waived sovereign immunity for any federal agencies as part of HAVA, and did not allege injury sufficient to establish standing. See id. at *2. Morales-Garza did not appeal that decision.

U.S.C. § 1498, which provides a cause of action where the United States uses a patented invention without license.

On May 1, 2007, Lorenzo-Giguere, represented by the United States, filed a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6). Lorenzo-Giguere argued, in part, that Morales-Garza lacked standing, that there was no private right of action in HAVA, and that the claims were barred by sovereign immunity and collateral estoppel. On September 11, 2007, the district court granted Lorenzo-Giguere's motion to dismiss under Rule 12(b)(1), finding that it lacked subject matter jurisdiction because Morales-Garza's claims were "wholly insubstantial and frivolous." On September 14, 2007, Morales-Garza filed a motion for reconsideration under Rule 59(e), which the district court denied on October 10, 2007. Morales-Garza appeals.

## II. STANDARD OF REVIEW

This Court reviews a district court's dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) de novo. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). This Court, however, may affirm on any ground supported by the record, including one not reached by the district court. Moncrief Oil Int'l Inc. v. OAO Gazprom, 481 F.3d 309, 311 (5th Cir. 2007).

## III. DISCUSSION

Morales-Garza's claims are without merit, because the federal statutes under which he seeks relief do not permit him to sue an attorney in the Justice Department to seek adoption of his voter privacy system. Although the district court cited only Rule 12(b)(1) in dismissing Morales-Garza's complaint, Rule 12(b)(6) provides a clearer basis for dismissal and we affirm on that ground. See

Scott v. Fiesta Auto Ctr. of San Antonio, 273 F.3d 1095, 2001 WL 1085192, at *1 (5th Cir. Sept. 7, 2001) (per curiam) (unpublished) (stating that "[g]enerally, if it appears from the face of the complaint that a federal claim is without merit, the court should dismiss for failure to state a claim, and not on jurisdictional grounds"). Under Rule 12(b)(6), a court should dismiss a complaint if it fails to state a claim upon which relief can be granted. This Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." Reliable Consultants, Inc. v. Earle, 517 F.3d 738, 742 (5th Cir. 2008) (internal quotations omitted). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face." Id. (internal quotations omitted).

Here, Morales-Garza has not pleaded sufficient facts to state a claim to relief that is plausible on its face under either HAVA, § 1983, or federal patent law. First, HAVA does not provide the declaratory relief sought by Morales-Garza. See Sandusky County Democratic Party v. Blackwell, 387 F.3d 565, 572 (6th Cir. 2004) ("HAVA does not itself create a private right of action."); Paralyzed Veterans of Am. v. McPherson, No. C 06-4670, 2006 WL 3462780, at *6 (N.D. Cal. Nov. 28, 2006) (same); Taylor v. Onorato, 428 F. Supp. 2d 384, 386 (W.D. Pa. 2006) (same). Second, § 1983, even if used to assert any potential right under HAVA, does not apply to federal officers, such as Lorenzo-Giguere, who act under federal law, and thus relief is not available under this statute. See 42 U.S.C. § 1983 (providing a federal cause of action against persons acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia"); Campbell v. Amax Coal Co., 610 F.2d 701, 702 (10th Cir. 1979) (stating that § 1983 "does not apply to federal officers

4

acting under color of federal law"). Third, Morales-Garza has not stated a claim under 28 U.S.C. § 1498(a), which allows owners of patents to recover reasonable compensation when their invention "is used or manufactured by or for the United States without license of the owner thereof or lawful right." Morales-Garza has not alleged that he has a patent on his voter privacy system or that the United States or Lorenzo-Giguere has used his system without permission. To the contrary, Morales-Garza actually claims that the United States and Lorenzo-Giguere have harmed him by not adopting his proposed new system for absentee voting. Accordingly, we hold that Morales-Garza has failed to state a claim and that the district court's dismissal was proper.

## IV. CONCLUSION

The district court's dismissal of Morales-Garza's complaint is AFFIRMED.