# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 15, 2023

Lyle W. Cayce
Clerk

———————

No. 22-30809

———————

Jacques L. Soudelier,

*Plaintiff—Appellant*,

*versus*

Office of the Secretary of State, Louisiana; R. Kyle Ardoin, *Secretary of State, Individually*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CV-2436

_____

Before Jones, Barksdale, and Elrod, *Circuit Judges*.

Per Curiam:[*]

Jacques L. Soudelier, proceeding *pro se* in the district court and on appeal, filed this lawsuit against the Office of the Louisiana Secretary of State and R. Kyle Ardoin, the Louisiana Secretary of State, claiming that they violated both federal and Louisiana law by using voting systems that were not properly certified and that were vulnerable to tampering. The district court dismissed Soudelier's complaint, concluding that Soudelier

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

lacked standing. We agree with the district court that the complaint should be dismissed, and we AFFIRM.

I

Soudelier filed this lawsuit in August 2022 in the Eastern District of Louisiana against the Office of the Louisiana Secretary of State and the Secretary of State, R. Kyle Ardoin. Soudelier's complaint contained two counts. Count I claimed that Appellees violated various provisions of the Louisiana Election Code and the Help America Vote Act by employing voting systems—specifically those leased from Dominion Voting Systems—that were not properly certified and that were vulnerable to hacking. Count II claimed that Appellees were required under 52 U.S.C. § 20701 to preserve records from the November 3, 2020, election but were "running out the clock" until the mandatory two-year preservation period expired. The complaint further claimed that Soudelier had the right to access those records through discovery. The complaint also alluded to violations of the First and Fourteenth Amendments resulting from Louisiana's use of Dominion voting machines. Soudelier later clarified that these claimed constitutional violations formed the "core" of his lawsuit. The complaint requested various forms of relief, including an "emergency injunction" prohibiting the use of any of Louisiana's voting machines in future elections and requiring Appellees to preserve records from the 2020 election.

Several weeks after filing his complaint, Soudelier moved for a temporary restraining order. The district court denied his request, finding that Soudelier had failed to show a likelihood of success on the merits because the statutes under which he sought relief did not confer a private right of action. The district court further found that Soudelier's allusions to

constitutional violations failed to plausibly allege a non-conclusory and non-speculative claim.

Shortly thereafter, Appellees filed a motion to dismiss Soudelier's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The district court granted the motion under Rule 12(b)(1) and dismissed Soudelier's complaint in its entirety on the ground that Soudelier lacked Article III standing. This was because Soudelier's constitutional claim was "neither concrete nor particularized," but rather amounted to a "generalized grievance about the conduct of the government." *Soudelier v. Dep't of State La.*, No. CV 22-2436, 2022 WL 17283008, at *4 (E.D. La. Nov. 29, 2022) (citation omitted) (alteration adopted). Likewise, because the statutes Soudelier cited in his complaint did not confer a private right of action, Congress had not "create[d] a statutory right or entitlement the alleged deprivation of which can confer standing to sue." *Id.* (citation omitted). Soudelier timely appealed.

II

We review the district court's grant of a motion to dismiss under Rule 12(b)(1) *de novo*, "just as we would a dismissal under Rule 12(b)(6)." *T. B. ex rel. Bell v. Nw. Indep. Sch. Dist.*, 980 F.3d 1047, 1050 (5th Cir. 2020). Taking the complaint's well-pleaded factual allegations as true, we "view them in the light most favorable to the plaintiff." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). "[W]e may 'affirm the district court's judgment on any grounds supported by the record.'" *T. B.*, 980 F.3d at 1050 n.2 (quoting *United States ex rel. Farmer v. City of Hous.*, 523 F.3d 333, 338 n.8 (5th Cir. 2008)). To survive a 12(b)(6) motion, "[a] plaintiff's complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Stratta v. Roe*, 961 F.3d 340, 349 (5th Cir. 2020) (internal quotation marks and citation

No. 22-30809

omitted).  "A claim is facially plausible if the pleaded factual content 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 349–50 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

III

Soudelier purported to bring claims under HAVA, the Louisiana Election Code, and federal law regarding retention of election records.  And while he did not expressly state as much, he also alluded to claims arising under the First and Fourteenth Amendments.  For the reasons explained below, under none of these theories has he stated a claim upon which relief can be granted.[1]

First, as to the statutes Soudelier cites, none contain a private right of action under which his claims can be brought.  The district court correctly determined as much in both its order denying Soudelier's request for a temporary restraining order and in its order dismissing his complaint.  Indeed, on appeal, Soudelier does not contest this point.

The complaint references several provisions from the Louisiana Election Code that govern, *inter alia*, the Secretary's approval of state voting systems.  The thrust of Soudelier's argument seems to be that

---

[1] The district court ruled only on Appellees' 12(b)(1) motion to dismiss.  Here, however, "Rule 12(b)(6) provides a clearer basis for dismissal and we affirm on that ground."  *Morales-Garza v. Lorenzo-Giguere*, 277 F. App'x 444, 446 (5th Cir. 2008) (unpublished); *see also Scott v. Fiesta Auto Ctr. of San Antonio*, 273 F.3d 1095, 2001 WL 1085192, at *1 (5th Cir. 2001) (unpublished) ("Generally, if it appears from the face of the complaint that a federal claim is without merit, the court should dismiss for failure to state a claim, and not on jurisdictional grounds.").

Appellees have failed to fulfil their statutory obligations by allegedly failing to oversee or control the use of Dominion voting machines.  But "the Louisiana Election Code does not provide for a citizens suit, or 'qui tam action' for the enforcement of regulatory statutes against violators."  *Treen v. Republican Party of La.*, 768 So. 2d 273, 279 (La. Ct. App. 2000).  Soudelier "simply has no cause of action against" Appellees "if they violate the Louisiana Election Code."  *Id.*

Neither of the federal statutes contain an express private right of action either.  And it is well-established that a statute confers no implied private right of action absent congressional intent to provide both a private right and private remedy.  *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001).  Statutory text and structure form the touchstone of that inquiry, and "[s]tatutes that focus on the person regulated rather than the individuals protected create no implication of an intent to confer rights on a particular class of persons."  *Id.* at 289 (internal quotation marks and citation omitted); *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 287 (2002).

HAVA establishes standards for the administration of federal elections and provides two enforcement mechanisms, neither of which help Soudelier.  First, the Attorney General can bring civil actions against states or jurisdictions to enforce HAVA's "election technology and administration requirements."  52 U.S.C. § 21111.  Second, states receiving payment under HAVA must establish administrative complaint procedures that any person may use to report violations.  *Id.* § 21112.  However, nowhere does HAVA permit private plaintiffs to seek the relief Soudelier requests.  *Tex. Voters All. v. Dall. Cnty.*, 495 F. Supp. 3d 441, 459 (E.D. Tex. 2020) ("Simply by its terms, HAVA does not create a private right of action."); *Morales-Garza v. Lorenzo-Giguere*, 277 F. App'x 444, 446 (5th Cir. 2008) (unpublished) (same).  And HAVA does not contain any implied right of action, because "[i]t is canonical that 'Congress's creation of

specific means of enforcing [a] statute indicates that it did not intend to allow an additional remedy—a private right of action—that it did not expressly mention at all.'" *Tex. Voters All.*, 495 F. Supp. 3d at 460 (quoting *Stokes v. Sw. Airlines*, 887 F.3d 199, 203 (5th Cir. 2018)).

Nor can Soudelier find a private right of action in federal election records provisions. His complaint cites 52 U.S.C. § 20701, which provides that "[e]very officer of election shall retain and preserve, for a period of twenty-two months from the date of any general, special, or primary election of which candidates for" various federal offices, including the President, "are voted for." The complaint then cites 52 U.S.C. § 20705, which confers jurisdiction on federal district courts to compel the production of election records requested by the Attorney General. *See also* 52 U.S.C. § 20703. What these statutory provisions do not do is evince any intent by Congress to confer a private right of action on plaintiffs like Soudelier. The text makes no mention of any private right of action, and the provisions focus on "the person regulated" rather than "the individuals protected." *Sandoval*, 532 U.S. at 288; *see also Fox v. Lee*, No. 4:18CV529-MW/CAS, 2019 WL 13141701, at *1 (N.D. Fla. Apr. 2, 2019) ("In a word, 52 U.S.C. § 20701 does not confer a private right of action on Plaintiffs."). To the extent that Soudelier relies on these provisions to support his claims under Count II of his complaint, his reliance is misplaced.

Second, to the extent Soudelier's complaint claimed violations of his constitutional rights—a theory he continues to press on appeal—his claims are both speculative and conclusory. The district court concluded as much in its order denying Soudelier's temporary restraining order, and we agree. A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[U]nadorned, the-defendant-

unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 677. Here, Soudelier's argument that Louisiana's continued use of "uncertified [voting] machines is a violation" of his constitutional rights, supported by his allegation that the voting systems may have been hacked, is a bare conclusion supported by nothing more than unadorned speculation. This is insufficient to state a claim upon which the district court could grant relief.

\* \* \*

The district court correctly dismissed Soudelier's complaint. Accordingly, we AFFIRM.